No. 24-5936

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ANOKE, et al.

Petitioners-Appellees,

v.

TWITTER, INC., et al.,

Respondents-Appellants,

On Appeal from the United States District Court for the
District of Northern California
Case No. 3:23-cv-02217 (Hon. Susan Illston)

**INTERVENOR-APPELLEE JACOB SILVERMAN'S OPPOSED MOTION
TO DISMISS APPEAL AS MOOT**

Katie Townsend
*Counsel of Record for
  Intervenor-Appellee*
Grayson Clary
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

Jean-Paul Jassy
Nicholas Hartmann
JASSY VICK CAROLAN, LLP
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

## TABLE OF CONTENTS

Page:

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................2

I. Respondents-Appellants' objections to the District Court's unsealing order are moot because the document at issue was already made public. ......2

CONCLUSION .....................................................................................................6

CERTIFICATE OF COMPLIANCE ....................................................................7

CERTIFICATE OF SERVICE..............................................................................8

ii

# INTRODUCTION

"Secrecy is a one-way street: Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008). In this case, Intervenor-Appellee Jacob Silverman ("Mr. Silverman"), a journalist who covers the technology industry, successfully moved to intervene and unseal a corporate disclosure statement initially filed under seal by Respondents-Appellants Twitter, Inc., X Holdings, Inc., X Holdings Corp., X. Corp, and Elon Musk (the "X Parties"). *See Anoke v. Twitter*, No. 3:23-cv-02217, 2024 WL 3908108, at *1 (N.D. Cal. Aug. 20, 2024). After granting Mr. Silverman's motion, the District Court ordered the X Parties to file the statement on the public docket no later than September 4. *See id.* at *5. Rather than seek a stay pending appeal, they complied with that order. *See* Notice of Submission of Unredacted Suppl. Corp. Disclosure Statement, *Anoke v. Twitter*, No. 3:23-cv-02217 (N.D. Cal. Sept. 4, 2024) (ECF No. 54). The contents of the now-public statement have since been covered extensively in the press and distributed across the Internet. *See* Jacob Silverman, *All That Twitters*, The Baffler (Sept. 26, 2024), https://perma.cc/QN83-BJMU.[1]

There is nothing left to appeal; there is no relief this Court could grant that would put the proverbial genie back into the bottle. *See Gambale v. Deutsche*

---

[1] Because the excerpts of record in this case have not yet been filed, the District Court's order and the disclosure statement are attached as exhibits hereto.

1

*Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) ("We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."). Understandably, then, this Court has repeatedly held that "a case seeking to keep a document secret is moot once third parties have control over copies of the document." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (quoting *Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012)). That principle controls here. Because there is no live controversy left to resolve, Mr. Silverman respectfully urges the Court to dismiss the appeal as moot.[2]

## ARGUMENT

**I. Respondents-Appellants' objections to the District Court's unsealing order are moot because the document at issue was already made public.**

An appeal becomes moot—and "the judicial branch loses its power to render a decision on the merits," *Nome Eskimo Community v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995)—when "no effective relief remains available" to the party seeking it, *Doe No. 1*, 697 F.3d at 1238. This is such a case. The X Parties appeal from the District Court's order unsealing their Rule 7.1 corporate-disclosure statement in the underlying action, an order with which they complied on September 4 by filing the

---

[2] Respondents-Appellants oppose this motion; Petitioners-Appellees take no position on this motion.

unredacted statement on the public docket.³ But "once a fact is widely available to the public, a court cannot grant any 'effective relief' to a person seeking to keep that fact a secret." *Doe No. 1*, 697 F.3d at 1240. There is simply no avenue for Respondents-Appellants to obtain any effective relief from this Court on appeal.

The relevant facts are straightforward. This case arises out of an action in California state court brought by former employees of Twitter—now X Corp.—who alleged violations of their arbitration agreements with the X Parties. After removing the action to the U.S. District Court for the Northern District of California, the X Parties sought leave to file the corporate-disclosure statement required by Rule 7.1 and the District's local rules under seal. *See* Resps.' Admin. Mot. to Seal at 1–6, *Anoke v. Twitter*, No. 3:23-cv- 02217 (N.D. Cal. June 9, 2023) (ECF No. 36). The District Court granted that motion in a summary order without factual findings, *see* Order, *Anoke v. Twitter*, No 3:23-cv-02217 (N.D. Cal. June 13, 2023) (ECF No. 39), and concluded shortly thereafter that the case should be remanded to California state court, *see* Order Remanding Action to State Court, *Anoke v. Twitter*, No. 3:23-cv-02217 (N.D. Cal. June 27, 2023) (ECF No. 41).

On July 3, 2024, Mr. Silverman—a journalist, contributing editor for *The Baffler* and *The New Republic*, and author of several books about the technology

---

³ The District Court also made the statement at issue immediately available on the public docket following its ruling.

3

industry[4]—moved to intervene for the limited purpose of unsealing the disclosure statement. *See* Mot. to Intervene and Unseal Judicial Records, *Anoke v. Twitter*, No. 3:23-cv-02217 (N.D. Cal. July 3, 2024) (ECF No. 44). On August 20, 2024, the District Court granted that motion. *See Anoke*, 2024 WL 3908108, at *1.

As to intervention, the District Court held that permissive intervention was appropriate under Fed. R. Civ. Proc. 24(b), noting this Court's repeated counsel that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records," *id.* at 3 (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999)), and holding that the X Parties would not be prejudiced by being held to their burden to justify sealing the statement, *see id.* On the merits, without deciding whether the sealing of the statement was governed by a First Amendment, common law, or good-cause standard, *see id.* at *4, the District Court held that the X Parties had failed to meet even the most lenient standard, offering "little more than conjecture in support of their position" that the statement should be sealed, *id.* The District Court therefore ordered the X Parties to "file an unredacted version of the supplemental corporate disclosure statement on the public docket no later than September 4, 2024." *Id.* at *5. On September 4, 2024, the X Parties did so.

---

[4] *See* Ben McKenzie & Jacob Silverman, *Easy Money: Cryptocurrency, Casino Capitalism, and the Golden Age of Fraud* (2023); Jacob Silverman, *Terms of Service: Social Media and the Price of Constant Connection* (2015).

4

That should have been the end of this case. This Court has repeatedly observed that "unsealing cannot be reversed," *Islamic Shura Council v. FBI*, 635 F.3d 1160, 1164 (9th Cir. 2011), and the X Parties cannot resist the "commonsense conclusion that once a fact is widely available to the public, a court cannot grant any 'effective relief' to a person seeking to keep that fact a secret." *Doe No. 1*, 697 F.3d at 1240. Not only is the document at issue "publicly accessible on the district court's online docket," *Ohio A. Phillip Randolph Inst. v. Obhof*, 802 F. App'x 185, 186 (6th Cir. 2020), it is likewise hosted on the websites of any number of news organizations.[5] There is nothing the X Parties can ask this Court to do that would make the list secret again; this case was moot before the notice of appeal was filed.

The same is true of any objections the X Parties might have to the District Court's decision to permit Mr. Silverman to intervene. Because intervention was granted solely for the limited purpose of moving to unseal the disclosure statement, Mr. Silverman's intervenor status has no remaining legal consequences; anything this Court might say about that issue "cannot affect the rights of litigants in the case before [it]." *Protectmarriage.com-Yes on 8*, 752 F.3d at 834 (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam)). The X Parties

---

[5]　　*See, e.g.*, Trisha Thadani, *Elon Musk's X Reveals Investors in Court Filing*, Wash. Post (Aug. 21, 2024), https://bit.ly/3BFhDR2; David Ingram, *Investors in Elon Musk's X Acquisition Revealed in Court Documents*, NBC (Aug. 22, 2024), https://perma.cc/3V7H-PAW3.

5

cannot demonstrate an ongoing injury that would be redressed by reversing that decision, and any ruling on the question would be a purely advisory opinion.

In sum, common sense controls here: "Once information is published, it cannot be made secret again." *In re Copley Press, Inc.*, 518 F.3d at 1025. The X Parties' effort to challenge the disclosure of a public document is frivolous—a waste of judicial and party resources alike. This Court should dismiss the appeal.

## CONCLUSION

For the foregoing reasons, Mr. Silverman respectfully urges the Court to dismiss the appeal as moot.

Date: October 8, 2024

/s/ Katie Townsend
Katie Townsend
*Counsel of Record for Intervenor-Appellee*
Grayson Clary
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

Jean-Paul Jassy
Nicholas Hartmann
JASSY VICK CAROLAN, LLP
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

6

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 1,368 words.

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it is set in 14-point Times New Roman, a proportionally spaced typeface, and was prepared using Microsoft Word for Mac (version 16.78).

Date: October 8, 2024.                    */s/ Katie Townsend*
                                          Katie Townsend
                                          *Counsel of Record for Intervenor-
                                            Appellee*
                                          REPORTERS COMMITTEE
                                            FOR FREEDOM OF THE PRESS

## CERTIFICATE OF SERVICE

I, Katie Townsend, do hereby certify that I have filed the foregoing Motion to Dismiss Appeal as Moot electronically with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on October 8, 2024.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: October 8, 2024.   /s/ *Katie Townsend*
Katie Townsend
*Counsel of Record for Intervenor-Appellee*
REPORTERS COMMITTEE
   FOR FREEDOM OF THE PRESS

8