# No. 24-5936

# In the United States Court of Appeals

### F O R   T H E   N I N T H   C I R C U I T

SARAH ANOKE; CATHERINE BONN; ISABELLE CANNELL;
SAMANTHA FESTEJO; DAWN HOISE; WAYNE KRUG; LAURENT
LUCE; PATRICK O'CONNELL; JENNIFER RYAN; JAIME SENA;
JAMES SHOBE; KARYN THOMPSON; CRISTIAN ZAPATA;
MELANIE EUSEBIO; CARLOS MOISES ORTIZ GOMEZ,

*Plaintiffs-Appellees*,

v.

JACOB SILVERMAN,

*Intervenor-Appellee*,

TWITTER, INC.; X HOLDINGS CORP.; X CORP.;
X HOLDINGS I, INC.; ELON MUSK,

*Defendants-Appellants.*

On Appeal from the U.S. District Court for the Northern District of California
No. 3:23-cv-02217 (Hon. Susan Illston)

## OPPOSITION TO INTERVENOR'S MOTION TO DISMISS
## AND CONDITIONAL CROSS-MOTION TO VACATE

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 739-3000

ERIC MECKLEY
BRIAN D. BERRY
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, CA  94105
(415) 442-1000

*Counsel for Defendants-Appellants*
*Twitter, Inc., X Holdings Corp., X Corp., X Holdings I, Inc., and Elon Musk*

## CORPORATE DISCLOSURE STATEMENT

X Corp., as successor in interest to Twitter, Inc., certifies that Twitter, Inc. has been merged into X Corp. and no longer exists. X Holdings Corp., as successor in interest to X Holdings I, Inc., certifies that X Holdings I Inc. has been merged into X Holdings Corp. and no longer exists. X Corp. is wholly owned by X Holdings Corp. X Holdings Corp. has no parent corporation, and no publicly held corporation owns 10% or more of X Holdings Corp.'s stock.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ...........................................i

TABLE OF AUTHORITIES .................................................. iii

INTRODUCTION ........................................................1

BACKGROUND .......................................................3

ARGUMENT ..........................................................7

I.     This appeal is not moot..................................................7

II.    Even if the appeal were moot, jurisdiction is available under the
capable-of-repetition exception to mootness.................................13

III.   If the Court lacks jurisdiction because of mootness, it should vacate
the order below. ........................................................16

CONCLUSION...................................................17

CERTIFICATE OF COMPLIANCE....................................19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ADAPT of Phila. v. Phila. Hous. Auth.*,
   417 F.3d 390 (3d Cir. 2005) ...............................................................10

*All. for the Wild Rockies v. Petrick*,
   68 F.4th 475 (9th Cir. 2023) ..............................................................12

*All. for the Wild Rockies v. Savage*,
   897 F.3d 1025 (9th Cir. 2018) ...........................................................17

*Anoke v. Twitter, Inc.*,
   325 Cal. Rptr. 3d 612 (Ct. App. 2024) ...............................................3

*Arizonans for Off. Eng. v. Arizona*,
   520 U.S. 43 (1997)...............................................................................16

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
   966 F.2d 470 (9th Cir. 1992) ...............................................................7

*Calderon v. Moore*,
   518 U.S. 149 (1996).........................................................................7, 8

*Campbell-Ewald Co. v. Gomez*,
   577 U.S. 153 (2016).............................................................................12

*Church of Scientology of Cal. v. United States*,
   506 U.S. 9 (1992).............................................................................8, 13

*Doe #1 v. Trump*,
   957 F.3d 1050 (9th Cir. 2020) .............................................................6

*Doe No. 1 v. Reed*,
   697 F.3d 1235 (9th Cir. 2012) .......................................................9, 11

*Doe v. Madison Sch. Dist. No. 321*,
   177 F.3d 789 (9th Cir. 1999) .............................................................17

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Donovan v. Vance*,
  70 F.4th 1167 (9th Cir. 2023) ............................................................................. 16

*Epic Games, Inc. v. Apple, Inc.*,
  67 F.4th 946 (9th Cir. 2023) ................................................................................. 9

*Forest Guardians v. Johanns*,
  450 F.3d 455 (9th Cir. 2006) ................................................................................ 8

*Gambale v. Deutsche Bank AG*,
  377 F.3d 133 (2d Cir. 2004) ................................................................................ 12

*Garding v. Mont. Dep't of Corr.*,
  105 F.4th 1247 (9th Cir. 2024) ......................................................................... 2, 8

*Hooks ex rel. NLRB v. Nexstar Broad., Inc.*,
  54 F.4th 1101 (9th Cir. 2022) .............................................................................. 15

*In re Copley Press, Inc.*,
  518 F.3d 1022 (9th Cir. 2008) .............................................................................. 11

*In re Lombardi*,
  741 F.3d 903 (8th Cir. 2014) ............................................................................... 10

*In re Search of Fair Fin.*,
  692 F.3d 424 (6th Cir. 2012) ............................................................................... 14

*Islamic Shura of S. Cal. v. FBI*,
  635 F.3d 1160 (9th Cir. 2011) .............................................................................. 11

*Johansen ex rel. NLRB v. San Diego Cnty. Dist. Council of Carpenters*,
  745 F.2d 1289 (9th Cir. 1984) ............................................................................. 14

*Kingdomware Techs., Inc. v. United States*,
  579 U.S. 162 (2016)................................................................................... 2, 13, 14

*MOAC Mall Holdings LLC v. Transform Holdco LLC*,
  598 U.S. 288 (2023)............................................................................................ 12

iv

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Ohio A. Philip Randolph Inst. v. Obhof,*
    802 F. App'x 185 (6th Cir. 2020) ...............................................................11

*Protectmarriage.com-Yes on 8 v. Bowen,*
    752 F.3d 827 (9th Cir. 2014) ...............................................................9, 11

*Pub. Utils. Comm'n of Cal. v. FERC,*
    100 F.3d 1451 (9th Cir. 1996) ...............................................................3, 16

*Smith v. Helzer,*
    95 F.4th 1207 (9th Cir. 2024) ...............................................................10

*Stanko v. Stirling,*
    109 F.4th 681 (4th Cir. 2024) ...............................................................8, 9

*Turner v. Rogers,*
    564 U.S. 431 (2011)...............................................................14, 15

*United States v. Krane,*
    625 F.3d 568 (9th Cir. 2010) ...............................................................16

*United States v. Munsingwear, Inc.,*
    340 U.S. 36 (1950)...............................................................3, 7, 16

*Winter v. Nat. Res. Def. Council, Inc.,*
    555 U.S. 7 (2008)...............................................................9

**STATUTES**

28 U.S.C. § 1291 ...............................................................7

**RULES**

FED. R. APP. P. 10...............................................................4

FED. R. CIV. P. 59 ...............................................................8

N.D. CAL. LOC. CIV. R. 3-15 ...............................................................4, 15

v

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**OTHER AUTHORITIES**

Jacob Silverman, *We Got a Judge to Unseal a List of X's Shareholders*
(Aug. 24, 2024), https://www.jacobsilverman.com/p/we-got-a-judge-to-
unseal-a-list-of ..................................................................................................1

Trisha Thadani, *Elon Musk's X Reveals Investors in Court Filing*, WASH. POST
(Aug. 21, 2024, 10:20 PM EDT), https://www.washingtonpost.com/
technology/2024/08/21/elon-musk-x-investors/ ...................................................5

**INTRODUCTION**

Intervenor-Appellee Jacob Silverman moves to dismiss this appeal on the premise, which he knows is false, that Appellants (collectively, "X Corp.") acceded to the district court's unsealing of X Corp.'s investor list rather than take steps to prevent its disclosure. Silverman knows that premise is false because, as he reported at the time, district court personnel unilaterally unsealed the investor list within a day of the court's unsealing order.[1] Moreover, they did so contrary to the district court's own order, which had set a two-week deadline for X Corp. to file the investor list on the court's public docket. Dkt. 53, at 8. Because of the district court personnel's unexpected and erroneous unilateral action, X Corp. had no chance to move to stay the unsealing order, as it was planning to do. And as soon as it learned of the court's action, X Corp.'s counsel immediately emailed court staff to request that the investor list be placed back under seal. *See* Ex. B. Silverman barely mentions the court's unilateral action in a footnote. Mot. 3 n.3. Instead, he pretends that X Corp. simply accepted the district court's order. The Court should see through Silverman's attempt to pin the blame on X Corp. and deny his Motion to Dismiss, for two main reasons.

---

[1] *See* Jacob Silverman, *We Got a Judge to Unseal a List of X's Shareholders* (Aug. 24, 2024), https://www.jacobsilverman.com/p/we-got-a-judge-to-unseal-a-list-of (excerpt attached as Ex. A).

First, the appeal is not moot. A case is not moot "[i]f some relief can be granted," even when that relief is not "fully satisfactory." *Garding v. Mont. Dep't of Corr.*, 105 F.4th 1247, 1255 (9th Cir. 2024) (citation omitted). Here, while the Court cannot make the list secret again in light of its premature and erroneous disclosure by the district court, it can provide some relief by ruling that the district court never should have required X Corp. to file its investor list in the first place, never should have decided to make the list publicly accessible, and may not continue to maintain the investor list on its public docket. Such relief is not fully satisfactory, but it is better than no relief because it ends the district court's ongoing compelled publication of X Corp's information, which the court should not be disseminating.

Second, even if the appeal were moot, the Court would still have jurisdiction under the exception for controversies that are capable of repetition, yet evading review. This exception applies where the challenged action is too short to be fully litigated before becoming moot and the complaining party can reasonably expect to be subject to the same action again. *E.g.*, *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016). Both conditions are met here. The district court's unsealing order had an inherently limited duration (particularly given court personnel's unilateral unsealing of the investor list two weeks before the district court's deadline for compliance), and X Corp. is *already* facing the same type of unsealing order in another pending proceeding in the Northern District of California and would face

the same issue in future actions in the Northern District because corporate disclosure statements are always filed at the outset of every action.

Finally, even if the Court were to reject both these arguments for jurisdiction, it should not leave the district court's unsealing order intact. "Federal courts normally vacate the orders below when a case becomes moot on appeal." *Pub. Utils. Comm'n of Cal. v. FERC*, 100 F.3d 1451, 1461 (9th Cir. 1996) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)). Here, through no fault of X Corp., court personnel made an error and released its investor list to the public without warning and contrary to the court's own order, thus precluding X Corp from securing a stay. X Corp. therefore moves, conditionally and in the alternative, that if the Court decides to dismiss the appeal for lack of jurisdiction, it vacate the unsealing order (Dkt. 53) and clear the path for future litigation of these issues.

## BACKGROUND

This appeal arises from a petition filed in California state court in which petitioners sought an order requiring X Corp. to pay attorney's fees and costs related to their arbitrations. *See* Dkt. 1-1. X Corp. removed the case to federal court, but on July 6, 2023, the district court remanded the case. Dkt. 41. The proceeding then went forward in California court, with both the Superior Court and the Court of Appeal ruling in X Corp.'s favor and denying the petition. *See Anoke v. Twitter, Inc.*, 325 Cal. Rptr. 3d 612, 613 (Ct. App. 2024).

3

A year after the remand and closure of the federal court proceeding, however, Silverman moved to intervene for the purpose of moving to unseal X Corp.'s supplemental corporate disclosure statement. Dkt. 44. Back in 2023, when the matter was still in federal court, X Corp. had filed a standard corporate disclosure statement attesting that no publicly held corporation owned 10% or more of the corporate respondents' stock and otherwise certifying no conflict or financial interest under Northern District of California Civil Local Rule 3-15. Dkt. 4. But the petitioners filed a motion arguing that the disclosure was insufficient on the theory that Local Rule 3-15 requires corporate parties to disclose a complete list of everyone who owns any interest in them. Dkt. 19. X Corp. opposed this overbroad interpretation of its disclosure obligations, Dkt. 25, but the district court sided with petitioners and, without any oral argument, ordered X Corp. to supplement their disclosure statement and "disclose who owns X Holdings Corporation." Dkt. 35. X Corp. moved to file the list of all shareholders under seal, supporting the motion with a declaration attesting to the confidential nature of the investors list and the injury that disclosing the list would cause. Dkts. 36, 36-1.[2] The district court granted X Corp.'s motion to seal. Dkt. 39.

---

[2] These filings have apparently since been removed from the district court's docket, but they are part of the record on appeal, *see* FED. R. APP. P. 10(a), and attached to this Opposition as Exhibits C and D.

Almost thirteen months later, Silverman filed his motion to intervene and unseal. Dkt. 44. X Corp. opposed on multiple grounds, arguing that the district court lacked jurisdiction after the remand order, that Silverman could not satisfy the requirements for intervention, and that the district court had already rightly concluded that X Corp. had shown good cause for sealing. Dkt. 47. But on August 20, 2024, without any oral argument, the district court granted Silverman's motion in its entirety. Dkt. 53. However, the court did not order that the sealed investor list be immediately unsealed. Rather, it ordered X Corp to "file an unredacted version of the supplemental corporate disclosure statement on the public docket **no later than September 4, 2024**"—*i.e.*, fifteen days after the order, which provided sufficient time to move for a stay of the order. *Id.* at 8.

X Corp. immediately started making plans to prepare a motion to stay and appeal. But late in the day on August 21, 2024—just one day after the district court's unsealing order and two weeks before the deadline for X to comply with the order—X Corp. learned that copies of the unsealed version of its supplemental disclosure statement (Dkt. 36-4) were already in the public domain. *See* Trisha Thadani, *Elon Musk's X Reveals Investors in Court Filing*, Wash. Post (Aug. 21, 2024, 10:20 PM EDT), https://www.washingtonpost.com/technology/2024/08/21/elon-musk-x-investors/.

5

As soon as X Corp. discovered this—late on August 21, 2024—its counsel emailed the district court's courtroom deputy and docketing team, explaining that X Corp. "learned late [that] evening that the unredacted Statement, ECF No. 36-4 . . . , ha[d] been made publicly available on the Court's Pacer system." Ex. B, at 2. The email asked how this had happened and whether it was a mere administrative error, and requested that the document immediately be returned to its sealed/redacted status to prevent further public disclosure. *Id.* The next morning, the courtroom deputy responded that she had "resealed the corporate disclosure statement pursuant to [X Corp.'s] request" and admitted that "[t]he document was unsealed in error." *Id.* at 1.

By this point, however, many outlets were reporting on the investor list, which had been made available on the internet. Among them was Silverman's own website. On August 24, 2024, he authored a post in which he observed: "After Judge Illston's ruling, the list soon appeared on the court docket (apparently it's just a matter of a clerk clicking to change permissions on a limited-access filing) and was reported on first by the Washington Post and then in many other publications." Ex. A, at 1-2.

With the investor list already circulating on the internet, X Corp. no longer had a colorable basis to seek a stay pending appeal because it could not demonstrate that a stay was necessary to prevent irreparable harm. *See, e.g.*, *Doe #1 v. Trump*,

957 F.3d 1050, 1058-59 (9th Cir. 2020) (identifying the requirements for a stay pending appeal). X Corp. therefore complied with the district court's order on September 4, 2024. Dkt. 54. Now X Corp. appeals.

## ARGUMENT

Silverman does not dispute statutory appellate jurisdiction for this appeal. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992) (holding that order granting intervention and permitting access to sealed deposition transcripts was "appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order"). Rather, he argues only that the appeal is moot—contending that "[r]ather than seek a stay pending appeal, [X Corp.] complied with [the unsealing] order." Mot. 1. Silverman is incorrect. The appeal is not moot because the Court remains able to provide some meaningful relief. But if it were moot, the Court would still have jurisdiction under the capable-of-repetition exception to mootness. In any event, if the Court concludes otherwise, it should vacate the relevant district court rulings under the well-settled *Munsingwear* doctrine.

## I.     This appeal is not moot.

An appeal should "be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant 'any effectual relief whatever' in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996). The Supreme Court has repeatedly stressed, however, that "[t]he available remedy . . . does not need to be

'fully satisfactory' to avoid mootness." *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)). "[E]ven the availability of a 'partial remedy' is 'sufficient to prevent a case from being moot.'" *Id.* (citation and brackets omitted); *see also, e.g.*, *Garding*, 105 F.4th at 1255 ("If some relief can be granted, the case is not moot."). "The party asserting mootness bears the burden of establishing that there is no effective relief that the court can provide." *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006); *see also Garding*, 105 F.4th at 1254-55 ("The party claiming mootness has a heavy burden of proof.").

Silverman has not carried his burden here. If the Court agrees with X Corp. that the district court erred by requiring X Corp. to file its investor list in the first place and then requiring X Corp. to make the list publicly accessible on the district court's docket, this Court can partly repair the injury by reversing the district court's order and directing the removal of the list from the district court's docket. *See, e.g.*, *Stanko v. Stirling*, 109 F.4th 681, 699 (4th Cir. 2024) (explaining that while the court might not be able to "fully rectify an improper disclosure, [it] could provide partial but meaningful relief by ordering [disclosed materials] resealed").[3] An argument

---

[3] The Fourth Circuit also remarked that the Court could order the adverse party to destroy its copies and perhaps order it to refrain from relying on them in subsequent litigation. 109 F.4th at 699. But because that adverse party's apparent interest in the documents at issue arose from a Rule 59(e) motion that had since been resolved in that party's favor, *id.* at 689, it appears that any additional order requiring the destruction of that party's copies of the documents or prohibiting

that "the horse is already out of the barn" is not dispositive when the ongoing availability of a court filing on the court's own docket is concerned. *See id.* at 698-99.

The cases Silverman cites are not to the contrary. To the extent they made findings of mootness, they did not do so in the context of appeals seeking to reseal documents on the district court's docket that had erroneously been unsealed. For example, in *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014), the appellants sought an injunction requiring the state of California to purge their records of disclosures that the appellants had previously made to the state and that the state had already disseminated to the broader public. Similarly, in *Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012), the appellants had filed suit to enjoin defendants from making materials available to the public, yet the materials were already available to the public.

These holdings about events that can moot claims for *injunctive relief* are not controlling here. Injunctive relief is an extraordinary remedy, and to obtain an injunction a plaintiff must make specific showings of irreparable injury. *E.g.*, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Epic Games, Inc. v. Apple, Inc.*, 67 F.4th 946, 1002 (9th Cir. 2023). And when a plaintiff claims that an injunction is needed to prevent irreparable injury in the form of the disclosure of nonpublic

---

that party's future reliance on them would not have provided meaningful relief to
the appellant.

information, such a claim may indeed become moot once the information is widely disclosed. *See, e.g. Smith v. Helzer*, 95 F.4th 1207, 1212-13 (9th Cir. 2024) (explaining that in an appeal from the denial of injunctive relief, "when the event from which plaintiffs' alleged irreparable harm 'flow[s]' has 'concluded' or 'taken place,' the appeal . . . is moot" (citation omitted)).

But when, as here, the relief sought is not the extraordinary relief of an injunction but the removal of certain information from a federal court's public docket, no heightened showing of irreparable harm is necessary. Resealing the document, and/or determining that it should not have been provided to the district court in its current form in the first place, would still offer some modest relief from the wrong being challenged (the compelled publication of X Corp's investor list on the court's docket), even if it would not prevent an irreparable harm. At a minimum, anyone who visits the court's docket would no longer see the list, reducing its dissemination. *Cf., e.g.*, *In re Lombardi*, 741 F.3d 903, 904 (8th Cir. 2014) (en banc) (holding that appeal of discovery production order was not moot despite argument that the information had "become known through media accounts" because "there was a live controversy over whether the [appellant] was required to provide it"); *ADAPT of Phila. v. Phila. Hous. Auth.*, 417 F.3d 390, 394 (3d Cir. 2005) ("Although we can fashion no remedy erasing the knowledge ADAPT gained from the disclosed materials, we are able to fashion some meaningful relief. . . . Were we to hold in PHA's favor,

return or destruction of that information would be 'some form of meaningful relief' to PHA, however Pyrrhic." (citation omitted)).  The Court should not expand its divided decisions in *Protectmarriage.com* and *Doe No. 1* beyond their circumstances to create a categorical rule limiting appeals from erroneous unsealing orders.

Silverman also cites *Islamic Shura of Southern California v. FBI*, 635 F.3d 1160, 1164 (9th Cir. 2011).  That case, however, did not even resolve a mootness question.  It addressed whether a district court's decision to unseal an order is immediately appealable under the collateral order doctrine.  *Id.*  Applying the test for the collateral order doctrine, the Court concluded that an appellate court cannot effectively review the issue of "whether to make the order a matter of public record" after the district court has already made the order a matter of public record.  *Id.*  That much is true, and it is good reason to recognize such orders as immediately appealable.  But such reasoning does not support dismissal on mootness grounds when it is still possible to order some relief and remove erroneously unsealed material from a federal docket.  Silverman also cites *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008), but it too merely considered appealability under the collateral order doctrine.[4]

---

[4]  Beyond these Ninth Circuit cases, Silverman cites the unpublished decision in *Ohio A. Philip Randolph Institute v. Obhof*, 802 F. App'x 185, 186 (6th Cir. 2020).  But it addressed the mootness of an appeal from discovery orders after the documents had already been made publicly accessible and introduced into a trial court record.  It does not appear that the appellants were seeking an order to

And contrary to Silverman's suggestion, X Corp.'s eventual compliance with the district court's order does not support dismissal. The general rule is that compliance with a trial court ruling pending appeal does not moot a case when, as here, it is possible to undo the results of compliance. *All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 486 (9th Cir. 2023). As noted above, X Corp. knew it could not establish the irreparable injury needed for a stay of the unsealing order after district court staff had unilaterally and erroneously made the investor list publicly available. But this Court can still provide a modest amount of effective relief by reversing the unsealing order and directing the investor list to be removed from the district court's public docket. X Corp. "simply seeks 'typical appellate relief: that the Court of Appeals reverse the District Court and that the District Court undo what it has done.'" *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 296 (2023) (citation omitted). Silverman cannot establish mootness simply by asserting that reversing the district court's order "will not matter." *Id.*; *see also, e.g.*, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 161 (2016) (""As long as the parties have a

---

reseal documents that they alleged were erroneously unsealed. Silverman also quotes a snippet from *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004), but in context, that decision merely confirms that an appellate court confronted with an erroneous disclosure of confidential information by the district court should not hesitate to identify the error. The Second Circuit stated "that it was a serious abuse of discretion" for the district court there to refer to the previously confidential information in its public order, but lamented that there was nothing the court could do to make that information secret again. *Id.* The court did not dismiss the appeal as moot.

concrete interest, however small, in the outcome of the litigation, the case is not moot." (citation omitted)).

## II. Even if the appeal were moot, jurisdiction is available under the capable-of-repetition exception to mootness.

Were the Court nonetheless to conclude that it cannot provide "any effectual relief whatever," *Church of Scientology*, 506 U.S. at 12 (citation omitted), it should nonetheless find that it has jurisdiction because the controversy here is "capable of repetition, yet evading review." *Kingdomware*, 579 U.S. at 170 (citation omitted). This basis for jurisdiction applies in exceptional situations "where (1) 'the challenged action is in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* (citation and brackets omitted). Both conditions are met here.

First, the unsealing order here had too short a duration to allow full litigation of the issue it decided. As explained already, the order granted X Corp. fifteen days to comply, Dkt. 53, at 8, but district court personnel released the previously sealed investor list *the very next day*, August 21, 2024. That unanticipated action not only prevented this Court from resolving an appeal, but it also prejudicially and unfairly prevented X Corp. from asking either this Court or the district court to stay the unsealing because X Corp. had no warning that unsealing was imminent. Just the opposite, the fifteen-day window for compliance led X Corp. to believe it had ample

time to prepare and submit a stay motion to protect its interests pending appeal, and X Corp. was planning to do so.[5]

Silverman may respond that the particular facts of this case are irrelevant, and that the Court should declare all appeals of unsealing orders, as a class, to fall outside the "capable of repetition, yet evading review" exception to mootness. There are two problems with such a response. To start, Supreme Court precedent is to the contrary. In *Kingdomware*, for example, the Court focused on the duration of the particular governmental actions being challenged, not some generic class. *See* 579 U.S. at 170 (explaining that the exception "applie[d] to these short-term contracts" because they "were fully performed in less than two years after they were awarded"). The second problem is that, even considered as a class, "[t]he proceedings involved with orders to seal of the type at issue here are often too short to be fully litigated." *In re Search of Fair Fin.*, 692 F.3d 424, 428 (6th Cir. 2012). When a district court orders a previously sealed document to be unsealed, the timeframe for unsealing is measured in days or, at most, weeks—not the year or more that it takes to complete an appeal. *See, e.g.*, *Turner v. Rogers*, 564 U.S. 431, 440 (2011) (collecting cases

---

[5] In any event, this Court has held that the abstract possibility of procuring a stay is not enough to show that the issue can be fully litigated. *See, e.g.*, *Johansen ex rel. NLRB v. San Diego Cnty. Dist. Council of Carpenters*, 745 F.2d 1289, 1292-93 (9th Cir. 1984) ("A court's consideration of an emergency stay ... cannot constitute a full review of an action in the sense contemplated .... [T]here is always some 'foreseeable circumstance' in which a court could hastily review a particular matter.").

holding that challenged actions with 12-month, 18-month, and 2-year durations were too short to permit full litigation); *Hooks ex rel. NLRB v. Nexstar Broad., Inc.*, 54 F.4th 1101, 1113 (9th Cir. 2022) ("[A] period of two years is too short to complete judicial review[.]" (citation omitted)). Unsealing orders have inherently limited duration because the material will be made public before appellate relief is realistically available.

The second requirement is also met: X Corp. is likely to be subject to the same conduct in the future. There is no need to speculate about that. Another district judge in the Northern District of California has *already* construed Local Rule 3-15 to require submission of X Corp.'s investor list and, since the decision below, issued a tentative opinion denying X Corp.'s motion to seal. *See* Tentative Order Denying Motion to Seal, *McMillian v. Musk*, No. 23-cv-3461 (N.D. Cal. Sept. 25, 2024), ECF No. 119. Beyond that case, X Corp. formerly maintained its headquarters in the Northern District of California and often faces litigation in that judicial district. "[T]here is a more than 'reasonable' likelihood," *Turner*, 564 U.S. at 440, that in some future case in that district, the court will require public disclosure of X Corp.'s then-current list of investors as the district judge did in this case and the district judge in *McMillian* has tentatively decided to do.

For these reasons, the Court has appellate jurisdiction to decide this appeal regardless of whether the unsealing of X Corp.'s investor list gives rise to mootness.

15

### III. If the Court lacks jurisdiction because of mootness, it should vacate the order below.

Finally, if the Court decides to dismiss the appeal despite X Corp.'s arguments, it should at the very least vacate the decision below. "When a civil case becomes moot pending appellate adjudication, '[t]he established practice . . . in the federal system . . . is to reverse or vacate the judgment below and remand with a direction to dismiss.'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 71 (1997) (quoting *Munsingwear*, 340 U.S. at 39). This "procedure clears the path for future relitigation of the issues between the parties" and ensures that "the rights of all parties are preserved," with no one "prejudiced by a decision which in the statutory scheme was only preliminary." *Munsingwear*, 340 U.S. at 40. The *Munsingwear* doctrine applies not only to final judgments but to other appealable decisions as well. *E.g.*, *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (applying *Munsingwear* to vacate order directing compliance with pretrial subpoena after defendants pleaded guilty).

In this Circuit, *Munsingwear* vacatur is generally "automatic" whenever a case "become[s] moot while on its way here or pending [the Court's] decision." *Pub. Utils. Comm'n of Cal.*, 100 F.3d at 1461 (citation omitted); *see also, e.g.*, *Donovan v. Vance*, 70 F.4th 1167, 1172-73 (9th Cir. 2023). The lone exception is when "mootness is caused by the party seeking vacatur," in which case the Court "typically will remand to the district court to allow it to balance the equities and determine

whether it should vacate its own order." *All. for the Wild Rockies v. Savage*, 897 F.3d 1025, 1032 (9th Cir. 2018). On the other hand, "[w]hen mootness is not caused by actions of the party seeking vacatur, [the Court] typically will vacate the district court's order." *Id.*

Here, there is simply no dispute that any mootness arose not from X Corp.'s conduct but by the district court personnel's erroneous and unilateral action unsealing the previously sealed investor list. That happened before X Corp. could request a stay or protect its appellate rights in any other way. If there is any mootness in this case, it presents a textbook example of mootness that occurred "due to happenstance," and in such cases, "the established practice in federal court is to vacate the decision below." *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 799 (9th Cir. 1999). The Court should follow that approach here if it finds that it lacks jurisdiction to decide the merits of X Corp.'s appeal.

## CONCLUSION

For all these reasons, the Court should deny Silverman's Motion to Dismiss the appeal, or, in the alternative and at a minimum, vacate the district court's unsealing order.

Dated:  October 18, 2024                    Respectfully submitted,

                                            s/ Eric Meckley
MICHAEL E. KENNEALLY                         ERIC MECKLEY
MORGAN, LEWIS & BOCKIUS LLP                   BRIAN D. BERRY
1111 Pennsylvania Avenue, NW                  MORGAN, LEWIS & BOCKIUS LLP
Washington, DC  20004                         One Market Street, Spear Street Tower
(202) 739-3000                                San Francisco, CA  94105
                                              (415) 442-1000

*Counsel for Defendants-Appellants*
*Twitter, Inc., X Holdings Corp., X Corp., X Holdings I, Inc., and Elon Musk*

## CERTIFICATE OF COMPLIANCE

This document complies with the length limitation of Circuit Rule 27-1(1)(d) and Circuit Rule 32-3 because it contains 4,402 words, excluding the parts of the filing exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

As required by Federal Rule of Appellate Procedure 27(d)(1)(E), this document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font in Microsoft Word 365.


Dated: October 18, 2024          s/ Eric Meckley
                                 ERIC MECKLEY

# EXHIBIT A

# We Got a Judge to Unseal a List of X's Shareholders

A federal judge agreed with me that knowing the identities of Elon Musk's investors is in the public interest.

JACOB SILVERMAN

AUG 24, 2024

♡ 684    💬 59      Share



© David Niviere/ABACA/INSTARimages

This week, Judge Susan Illston of the Northern District of California ruled in favor of a motion to intervene that I filed in a civil case called *Anoke v. Twitter* in order to unseal a list of X's shareholders. X's lawyers filed the list under seal last year in one of the many civil lawsuits resulting from Elon Musk's chaotic takeover of Twitter and his mass firing of thousands of employees. After Judge Illston's ruling, the list soon appeared on the

court docket (apparently it's just a matter of a clerk clicking to change permissions on a limited-access filing) and was reported on first by the Washington Post and then in many other publications.

I'll get to the contents of the list below, but please allow for a little throat-clearing and context-setting.

I was able to get this document thanks to the generous help and smart lawyering of Reporters Committee for Freedom of the Press (RCFP), a storied legal organization devoted to pro bono First Amendment work. As an independent journalist, I don't have access to a lot of resources, so it was a blessing to have RCFP take me on. If you're in a position to donate to them, please consider doing so. If you're a journalist looking to get a document unsealed or if you have a First Amendment concern, reach out to them.

The case in which we intervened, *Anoke v. Twitter*, is just one of many X-related civil suits wending their way through the courts — from the four fired executives suing for $128 million to lower level employees who didn't receive promised severance or claim that they were forced to break laws to fulfill Musk's mercurial edicts (turn Twitter HQ into an employee hotel, mount a giant blazing X on the roof without permits, etc). In a previous post, I wrote about a list of names subpoenaed in one of these cases, *Arnold v. X Corp*, which helped reveal who was on Musk's Twitter transition team and which Tesla engineers he drafted for his crash assessment of Twitter's code base. (RCFP also filed on my behalf to unseal a shareholder list filed under seal in another civil case, *McMillian v. Twitter*.)

Not only does Musk owe a lot of money to his creditors, but he's knee-deep in litigation that one might argue would never have been necessary had he abided by existing legal agreements, contracts, and labor law. Yes, it can save money in the short-term to stiff your landlord and cloud provider, or to forego state law-mandated severance payments. But it creates a lot of billable hours for lawyers and expensive potential settlements, along with the threat of regulatory enforcement. (As for reputational damage, Musk doesn't seem to care.)

Musk, who decries lawfare, has aggressively pursued his own brand of it — from financing Gina Carano's lawsuit against Disney to suing the National Labor Relations

# EXHIBIT B

**From:** SI CRD <SICRD@cand.uscourts.gov>
**Sent:** Thursday, August 22, 2024 6:01 AM
**To:** Berry, Brian D. <brian.berry@morganlewis.com>; CAND 7Docketing <7Docketing@cand.uscourts.gov>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** Re: URGENT - Anoke v. Twitter et al. - Case No. 3:23-cv-02217-SI.

[EXTERNAL EMAIL]
I have resealed the corporate disclosure statement pursuant to the request. The document was unsealed in error.

Respectfully yours,



**Esther Chung**
Courtroom Deputy to the Hon. Susan Illston
450 Golden Gate Avenue, 16th Floor
San Francisco, CA 94102
United States District Court
Northern District of California
https://cand.uscourts.gov
Esther_Chung@cand.uscourts.gov
Office: (415) 522-2028

---

**From:** Berry, Brian D. <brian.berry@morganlewis.com>
**Sent:** Wednesday, August 21, 2024 11:03 PM
**To:** SI CRD <SICRD@cand.uscourts.gov>; CAND 7Docketing <7Docketing@cand.uscourts.gov>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** URGENT - Anoke v. Twitter et al. - Case No. 3:23-cv-02217-SI.

<mark>**CAUTION - EXTERNAL:**</mark>

Dear Ms. Chung, Ms. Agustine, and Ms. Gorman:

I represent Respondents  X Corp., Inc., X Holdings Corp., X Holdings I, Inc., Twitter, Inc., and Elon Musk ("Respondents") in the matter of *Anoke v. Twitter*, 3:23-cv-02217-SI.   On June 13, 2023, the Court granted Defendants' administrative motion to file a supplemental Corporate Disclosure Statement ("Statement") under seal (ECF No. 39), which sealed the Statement that was filed at ECF No. 36-4.

1

Yesterday, August 20, 2024, the Court issued an order granting an intervenor's request to intervene and to unseal the Statement. The order stated, "**Respondents shall file an unredacted version** of the supplemental corporate disclosure statement on the public docket **no later than September 4, 2024**." ECF No. 53 at 8 (emphasis added). Since receiving the Order, Respondents have intended and been preparing to seek appellate relief from the Order. However, we learned late this evening that the unredacted Statement, ECF No. 36-4 (see below), has been made publicly available on the Court's Pacer system. We need to understand why this happened, given the Court's Order, which (1) required Respondents to file the unredacted Statement, (2) gave us until September 4 to do so, and (3) allowed Respondents time to seek appellate relief, including a motion to stay implementation of the Court's Order. We presume this was an administrative error, but please let us know if it was not. **For now, we request that you <u>immediately</u> return the Statement to its sealed/redacted status to prevent further public disclosure**.

Thank you for your prompt attention to this matter.

## Document Selection Menu
Select the document you wish to view.

| Document Number: | 36 | | 6 pages | 458.3 KB |
|---|---|---|---|---|

| Attachment | Description | | Pages | Size |
|---|---|---|---|---|
| 1 | Declaration of Dhruv Batura in Support of Respondents' Administrative Motio | | 3 pages | 156.1 KB |
| 2 | Proposed Order Granting Respondents' Administrative Motion to File Under Se | | 2 pages | 223.4 KB |
| 3 | Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Cert | | 6 pages | 441.6 KB |
| 4 | SEALED Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement a | | 6 pages | 381.0 KB |
| | or | | 23 pages | 1.7 MB |

Thanks,
Brian

**Brian D. Berry**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105-1596
Direct: +1.415.442.1176 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
Assistant: Adele Doyle | +1.415.442.1528 | adele.doyle@morganlewis.com
brian.berry@morganlewis.com | www.morganlewis.com



**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT C

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, <br><br> Petitioners, <br><br> v. <br><br> TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK, <br> Respondents. | Case No. 3:23-cv-02217-SI <br><br> **RESPONDENTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

## I.      **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, Respondents X Holdings Corp., on its own behalf and as successor in interest to named Respondent X Holdings I, Inc. ("X Holdings"), X Corp., on its own behalf and as successor in interest to named Respondent Twitter, Inc. ("Twitter"), and Elon Musk ("Respondents") hereby move the Court to issue an administrative order authorizing the filing under seal of Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 ("Supplemental Corporate Disclosure Statement").

On June 6, 2023, the Court directed Respondents to file a supplemental corporate disclosure statement disclosing "who owns X Holdings Corporation because that person or persons have 'a financial interest of any kind in the subject matter in controversy.'" ECF No. 35. In compliance with the Court's June 6 Order, Respondents have submitted concurrently herewith a Supplemental Corporate Disclosure Statement listing of all shareholders that have an ownership interest in the privately held corporation and named Respondent X Holdings. However, because the identities of these owners constitute private and confidential business information that is not publicly available and the disclosure of which would result in injury, Respondents request that the Court authorize this filing under seal. In accordance with the Court's Local Rules, a redacted version of the Supplemental Corporate Disclosure Statement has been filed in the public record. Because the sole purpose of the Corporate Disclosure Statement under Local Rule 3-15 is to allow the Judge to determine whether a conflict exists that would necessitate recusal, no legitimate purpose is served by any public-facing filing of this private and confidential information.

## II.     **LEGAL STANDARD**

Courts apply a "strong presumption in favor of access" to court records. *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, the presumption of access to court records can be overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive and private personal or business information. *San Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

1    Confidentiality protections are not limited to trade secrets.  *See*, *e.g.*, *Pintos v. Pacific Creditors*

2    *Assoc.*, 504 F.3d 792, 801 (9th Cir. 2007); *Hagestead v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.

3    1995); *see also* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting protection of "trade secrets" and other

4    "confidential commercial information.")  Nor are confidentiality protections limited to a

5    company's sensitive financial information, business forecasts, and intellectual property.  "In

6    deciding whether sufficient countervailing interests exist, the court will look to the public interest

7    in understanding the judicial process and whether disclosure of the material could result in

8    improper use . . ."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

9         In addition, under Article I, section 1 of the California Constitution, persons have a

10   constitutional inalienable right to privacy.  This right to privacy includes the privacy of a person's

11   financial information, such as investments and financial holdings.  *See Valley Bank of Nevada v.*

12   *Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the

13   California Constitution and finding that courts "may safely assume that the right of privacy

14   extends to one's confidential financial affairs as well as to the details of one's personal life").  The

15   existence of an ownership share and/or interest in a private corporation clearly constitutes a

16   person's private financial information that is protected under the California Constitution.

17        Courts also draw an important distinction between the standard for the sealing of records

18   attached to dispositive motions versus non-dispositive motions.  *See*, *e.g.*, *Best Odds Corp. v.*

19   *iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014) (citing

20   *Kamakana*, 447 F.3d 1172 at 1180).  "This distinction is predicated on the fact that different

21   interests are at stake with dispositive and non-dispositive motions."  *Best Odds Corp.*, 2014 WL

22   5687730, at *2.  As a result, "[w]ith non-dispositive motions, ***private interests predominate***."  *Id.*

23   (emphasis added).  A request to seal records attached to non-dispositive motions "merely requires

24   satisfying Rule 26(c)" and a showing of "good cause," and the district court has "much flexibility

25   in balancing and protecting the interests of private parties" under this standard.  *Id.*  Indeed, "the

26   good cause standard may be satisfied by showing mere embarrassment, incrimination, or

27   exposure to undue litigation expenses."  *Id.* (citing Fed. R. Civ. P. 26(c)).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

### III.   <u>ARGUMENT</u>

The Court should grant Respondents' Motion for Administrative Relief to authorize the filing under seal of Respondents' Supplemental Corporate Disclosure Statement.  The Supplemental Corporate Disclosure Statement is not a motion, let alone a dispositive motion, but rather a document the sole purpose of which is for the assigned judge to consider whether any conflict exists that would require recusal.  Here, good cause exists to seal the portions of the filing that reveal the identifies of X Holdings' owners/shareholders due to the countervailing interests in maintaining the confidentiality of this sensitive confidential and private business information. The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations).  Batura Decl. ¶ 3. As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential.  *Id.* Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private.  *Id.* The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential.  *Id.*

Denying Respondents' request for sealing here will cause injury to the owners/shareholders whose identities would be disclosed in a public court filing, and to X Holdings by revealing its confidential business information.  The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests.  To that end, X Holdings has policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain non-public information, permitting access to documents and data on a need-to-know basis, and requiring employees to sign confidentiality agreements. Batura Decl. ¶ 4. The act of disclosing (and making public) financial information protected by a right of privacy itself constitutes an injury to owners' privacy interests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

1  No less restrictive alternative exists to sealing this information that be sufficient to protect the

2  interests at stake here.

3         The disclosure of X Holdings' shareholders to the Court *under seal* would fully comply

4  with and promote the purposes underlying Rule 7.1 and Civil Local Rule 3-15.  Rule 7.1 of the

5  Federal Rules of Civil Procedure serves to "support properly informed disqualification decisions"

6  by the Court.  F.R.C.P. 7.1, Committee Notes on Rules – 2002.  Similarly, Civil Local Rule 3-15

7  is intended to aid the Court in determining whether any potential conflicts of interest exist that

8  would lead the assigned Judge to recuse him or herself.  *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The

9  Certification must disclose whether the party is aware of any conflict, financial or otherwise, that

10 the presiding judge may have with the parties to the litigation.")  As a result, Respondents' filing

11 of the Supplemental Corporate Disclosure Statement under seal to the Court and redacting the

12 identities of X Holdings' shareholders/owners from the publicly filed document fully satisfies all

13 competing interests – allowing the Court to determine whether a conflict exists while

14 simultaneously safeguarding confidential and private business and financial information and

15 preventing potential misuse of this information.  *See Best Odds Corp.*, 2014 WL 5687730, at *2

16 (granting the defendant's motion to file a redacted certificate of interested parties and noting that

17 sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine

18 whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation

19 abuses that will needlessly increase the cost of litigation.")

20        Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not serve Claimants'

21 interests; rather, they serve the Court and its interests in avoiding potential conflicts of interest.

22 Respondents have made compliant disclosures that afford this Court the opportunity to assess

23 whether any conflict of interest exists.  Petitioners should not be entitled to conduct impermissible

24 discovery regarding Respondent X Holdings, and the Court should not indulge Petitioners' efforts

25 to obtain information to which they are not entitled.

26 **IV.    CONCLUSION**

27        For the foregoing reasons, Respondents respectfully move this Court to grant

28 Respondents' Motion for Administrative Relief to keep sealed the Supplemental Corporate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Disclosure Statement.

2    Dated: June 9, 2023                    MORGAN, LEWIS & BOCKIUS LLP

3
                                           By    /s/ Eric Meckley
4                                                 Eric Meckley
                                                  Brian D. Berry
5                                                 Ashlee N. Cherry
                                                  Kassia Stephenson
6
                                                  Attorneys for Respondents
7                                                 TWITTER, INC.; X HOLDINGS I, INC.;
                                                  X HOLDINGS CORP.; X CORP.; ELON MUSK
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

## Motions

3:23-cv-02217-SI Anoke et al v.
Twitter, Inc. et al

ADRMOP

### U.S. District Court

### California Northern District

### Notice of Electronic Filing

The following transaction was entered by Meckley, Eric on 6/9/2023 at 10:10 PM and filed on 6/9/2023

| | |
|---|---|
| **Case Name:** | Anoke et al v. Twitter, Inc. et al |
| **Case Number:** | 3:23-cv-02217-SI |
| **Filer:** | Elon Musk |
| | Twitter, Inc. |
| | X Corp. |
| | X Holdings Corp. |
| | X Holdings I, Inc. |
| **Document Number:** | 36 |

**Docket Text:**
**Administrative Motion to File Under Seal filed by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Attachments: # (1) Declaration of Dhruv Batura in Support of Respondents' Administrative Motion to File Under Seal, # (2) Proposed Order Granting Respondents' Administrative Motion to File Under Seal, # (3) Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 PUBLIC - REDACTED, # (4) SEALED Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15)(Meckley, Eric) (Filed on 6/9/2023)**

**3:23-cv-02217-SI Notice has been electronically mailed to:**

Akiva M. Cohen     acohen@kusklaw.com, ktewson@kusklaw.com

Ashlee Nicole Cherry     ashlee.cherry@morganlewis.com

Brian D, Berry     brian.berry@morganlewis.com, adele.doyle@morganlewis.com, SFCalendarDepartment@morganlewis.com

Eric Meckley     emeckley@morganlewis.com, adoyle@morganlewis.com, SFCalendarDepartment@morganlewis.com

Ethan Isaac Jacobs     ethan@ejacobslaw.com

Kassia Ann Stephenson     kassia.stephenson@morganlewis.com

Lane Andrew Haygood     lane@haygoodlawfirm.com

**3:23-cv-02217-SI Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Twitter - Respondents' Admin Mtn to File Under Seal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-0]
[a5872b21db62609920ed16151552cabe168fef20014f0f7d41b5302bb130d809b80f8
5ae258cd4c5bc899ea213199c899d89946fabc7070bde2716ddca012778]]
**Document description:**Declaration of Dhruv Batura in Support of Respondents' Administrative Motion to File Under Seal
**Original filename:**C:\fakepath\Twitter- Batura Decl ISO Mtn to Seal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-1]
[3ef1f60c09c41ee91f9ad888ce215ba3f9122aded0c09c731be6d2da536f21bdcb8e9
04acbc5e48b623c4d9c92b3838c8e3169198cc14420cba697131de9046a]]
**Document description:**Proposed Order Granting Respondents' Administrative Motion to File Under Seal
**Original filename:**C:\fakepath\Twitter - Proposed Order.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-2]
[8f741d834a6402a6eaa63cdfc0d98b66d3b0ea0aa9224e36facef7a9070552cb563d7
f085083176dcaa141f9d042d46ac7538533b8223b10bf5e9f5886e2f73b]]
**Document description:** Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 PUBLIC - REDACTED
**Original filename:**C:\fakepath\Twitter - Supplemental Rule 7.1 Statement - REDACTED (Public).pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-3]
[78891847d0e97cef8a583c7e4a117dbb21b0ef9f306076d217cf2fbb2f2086fa9bba8
df6c7f42fdd55b8ed34c97f02fe570157996dd9c26b9f08063d7586544a]]
**Document description:** SEALED Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15
**Original filename:**C:\fakepath\Twitter - Supplemental Rule 7.1 Statement - SEALED.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-4]
[1d9999cbbda158910946fda07d6ccf58f8af40862401414ac04bbd2f63f4c72197bad
d1f82252f792ecf689ad4bc36fffebf114a31cd2ec936ee6d33603f9ebf]]

# EXHIBIT D

1    MORGAN, LEWIS & BOCKIUS LLP
     Eric Meckley, Bar No. 168181
2    eric.meckley@morganlewis.com
     Brian D. Berry, Bar No. 229893
3    brian.berry@morganlewis.com
     Kassia Stephenson, Bar No. 336175
4    kassia.stephenson@morganlewis.com
     One Market, Spear Street Tower
5    San Francisco, CA  94105-1596
     Tel:    +1.415.442.1000
6    Fax:    +1.415.442.1001

7    MORGAN, LEWIS & BOCKIUS LLP
     Ashlee N. Cherry, Bar No. 312731
8    ashlee.cherry@morganlewis.com
     1400 Page Mill Road
9    Palo Alto, CA  94304
     Tel:    +1.650.843.4000
10   Fax:    +1.650.843.4001

11   Attorneys for Respondents
     TWITTER, INC.; X HOLDINGS I, INC.;
12   X HOLDINGS CORP.; X CORP.; ELON MUSK

13

14                  UNITED STATES DISTRICT COURT

15                  NORTHERN DISTRICT OF CALIFORNIA

16

17   SARAH ANOKE, CATHERINE BONN,            Case No. 3:23-cv-02217-SI
     ISABELLE CANNELL, MELANIE EUSEBIO,
18   SAMANTHA FESTEJO, CARLOS MOISES         **DECLARATION OF DHRUV BATURA**
     ORTIZ GOMEZ, DAWN HOISE, WAYNE          **IN SUPPORT OF RESPONDENTS'**
19   KRUG, LAURENT LUCE, PATRICK             **ADMINISTRATIVE MOTION TO**
     O'CONNELL, JENNIFER RYAN, JAIME         **FILE UNDER SEAL**
20   SENA, JAMES SHOBE, KARYN
     THOMPSON, AND CRISTIAN ZAPATA,

21

22                  Petitioners,

23        v.

24   TWITTER, INC., X HOLDINGS I, INC., X
     HOLDINGS, CORP, X CORP, AND ELON
25   MUSK,
                    Respondents.
26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

## DECLARATION OF DHRUV BATURA

I, Dhruv Batura, declare as follows

1.      I am currently Senior Director, Finance of X Corp., a wholly-owned subsidiary of X Holdings Corp. (hereinafter referred to as "X Holdings").  In my role, I have acquired personal knowledge of X Holding's owners/shareholders and X Holdings's policy relating to the confidentiality of its business and financial information, including the identities of its owners/shareholders. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge and/or information to which I have access.

2.      I submit this declaration in support of Respondents' Administrative Motion to File Under Seal filed in *Anoke et al. v. Twitter, Inc. et al.*, Case No. 3:23-cv-02217-SI.

3.      The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations).  As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential. Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private.  The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential.

4.      The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests.  To that end, X Holdings has policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting

1

DECLARATION OF DHRUV BATURA
IN SUPPORT OF RESPONDENTS'
ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

access to certain non-public information, permitting access to documents and data on a need-to-know basis, and requiring employees to sign confidentiality agreements.

5.      I understand that the Respondents' Administrative Motion to File Under Seal requests that the Court maintain information regarding the identities of X Holdings' owners/shareholders under seal.  This information is private and confidential, and the disclosure of such information would be injurious to the owners/shareholders for the reasons stated above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 9, 2023 in San Francisco, California.


_____
Dhruv Batura

2                      DECLARATION OF DHRUV BATURA
                       IN SUPPORT OF RESPONDENTS'
                       ADMINISTRATIVE
                       MOTION TO FILE UNDER SEAL
                       Case No. 3:23-cv-02217-SI

**Motions**

<u>3:23-cv-02217-SI Anoke et al v.
Twitter, Inc. et al</u>

ADRMOP

### U.S. District Court

### California Northern District

**Notice of Electronic Filing**

The following transaction was entered by Meckley, Eric on 6/9/2023 at 10:10 PM and filed on 6/9/2023

**Case Name:**  Anoke et al v. Twitter, Inc. et al

**Case Number:**  <u>3:23-cv-02217-SI</u>

**Filer:**  Elon Musk

Twitter, Inc.

X Corp.

X Holdings Corp.

X Holdings I, Inc.

**Document Number:** <u>36</u>

**Docket Text:**

**Administrative Motion to File Under Seal filed by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Attachments: # (1) Declaration of Dhruv Batura in Support of Respondents' Administrative Motion to File Under Seal, # (2) Proposed Order Granting Respondents' Administrative Motion to File Under Seal, # (3) Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 PUBLIC - REDACTED, # (4) SEALED Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15)(Meckley, Eric) (Filed on 6/9/2023)**

**3:23-cv-02217-SI Notice has been electronically mailed to:**

Akiva M. Cohen    acohen@kusklaw.com, ktewson@kusklaw.com

Ashlee Nicole Cherry    ashlee.cherry@morganlewis.com

Brian D, Berry    brian.berry@morganlewis.com, adele.doyle@morganlewis.com, SFCalendarDepartment@morganlewis.com

Eric Meckley    emeckley@morganlewis.com, adoyle@morganlewis.com, SFCalendarDepartment@morganlewis.com

Ethan Isaac Jacobs    ethan@ejacobslaw.com

Kassia Ann Stephenson    kassia.stephenson@morganlewis.com

Lane Andrew Haygood    lane@haygoodlawfirm.com

**3:23-cv-02217-SI Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Twitter - Respondents' Admin Mtn to File Under Seal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-0]
[a5872b21db62609920ed16151552cabe168fef20014f0f7d41b5302bb130d809b80f8
5ae258cd4c5bc899ea213199c899d89946fabc7070bde2716ddca012778]]
**Document description:**Declaration of Dhruv Batura in Support of Respondents' Administrative Motion to File Under Seal
**Original filename:**C:\fakepath\Twitter- Batura Decl ISO Mtn to Seal.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-1]
[3ef1f60c09c41ee91f9ad888ce215ba3f9122aded0c09c731be6d2da536f21bdcb8e9
04acbc5e48b623c4d9c92b3838c8e3169198cc14420cba697131de9046a]]
**Document description:**Proposed Order Granting Respondents' Administrative Motion to File Under Seal
**Original filename:**C:\fakepath\Twitter - Proposed Order.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-2]
[8f741d834a6402a6eaa63cdfc0d98b66d3b0ea0aa9224e36facef7a9070552cb563d7
f085083176dcaa141f9d042d46ac7538533b8223b10bf5e9f5886e2f73b]]
**Document description:** Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 PUBLIC - REDACTED
**Original filename:**C:\fakepath\Twitter - Supplemental Rule 7.1 Statement - REDACTED (Public).pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-3]
[78891847d0e97cef8a583c7e4a117dbb21b0ef9f306076d217cf2fbb2f2086fa9bba8
df6c7f42fdd55b8ed34c97f02fe570157996dd9c26b9f08063d7586544a]]
**Document description:** SEALED Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15
**Original filename:**C:\fakepath\Twitter - Supplemental Rule 7.1 Statement - SEALED.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/9/2023] [FileNumber=20297351-4]
[1d9999cbbda158910946fda07d6ccf58f8af40862401414ac04bbd2f63f4c72197bad
d1f82252f792ecf689ad4bc36fffebf114a31cd2ec936ee6d33603f9ebf]]