No. 24-5936

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANOKE, et al.,

Petitioners-Appellees,

v.

TWITTER, INC., et al.,

Respondents-Appellants.

On Appeal from the United States District Court for the
District of Northern California
Case No. 3:23-cv-02217 (Hon. Susan Illston)

# INTERVENOR-APPELLEE JACOB SILVERMAN'S REPLY IN SUPPORT
# OF MOTION TO DISMISS APPEAL AS MOOT

Katie Townsend
*Counsel of Record for*
  *Intervenor-Appellee*
Grayson Clary
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

Jean-Paul Jassy
Nicholas Hartmann
JASSY VICK CAROLAN, LLP
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (310) 870-7048
Facsimile: (310) 870-7010

## TABLE OF CONTENTS

Page:

SUMMARY OF ARGUMENT ................................................................................ 1

ARGUMENT ............................................................................................................ 3

    I.  Respondents-Appellants' objections to the District Court's unsealing order are moot because the document at issue was already made public ......... 3

    II.  No exception to mootness applies. .................................................................. 6

    III.  Vacatur is unwarranted. .................................................................................. 8

CONCLUSION ......................................................................................................... 9

CERTIFICATE OF COMPLIANCE ..................................................................... 11

CERTIFICATE OF SERVICE ............................................................................... 12

## SUMMARY OF ARGUMENT

This Court has squarely "held" that an appeal of an unsealing order "would become moot once the documents were unsealed, because 'the unsealing [order] cannot be reversed.'" *Doe No. 1 v. Reed*, 697 F.3d 1235, 1239 (9th Cir. 2012) (quoting *Islamic Shura Council of S. Cal. v. FBI*, 635 F.3d 1160, 1164 (9th Cir. 2011)). Despite that clear holding, the X Parties contend that an unsealing order *never* becomes moot because this Court could always "revers[e]" it and order a public document "removed from the district court's public docket." Opp'n to Intervenor's Mot. to Dismiss at 12 (Dkt. No. 10.1) (hereinafter "X Opp'n"). The X Parties' argument cannot be reconciled with this Circuit's precedent, and none of the out-of-circuit cases they cite with a creative "Cf." support that position either.

Every jurisdiction follows the same commonsense rule: The prospect that "resealing [documents] would prevent the Clerk of the District Court from continuing to provide official copies," *Constand v. Cosby*, 833 F.3d 405, 410 (3d Cir. 2016), does not provide any meaningful relief when "anyone with an internet connection can easily obtain images of the original documents online," *id.* at 411 (quoting *Doe No. 1*, 697 F.3d at 1239). And no exception to mootness applies because the controversy resolved by this unsealing order is neither capable of repetition nor likely to evade review. Where, as here, the objection to an unsealing order turns on "case-specific" findings rather than cross-cutting legal issues, the

1

possibility that the parties will dispute the sealing of other documents in future proceedings does not suffice to defeat mootness. *Unabom Trial Media Coal. v. U.S. District Court*, 183 F.3d 949, 952 (9th Cir. 1999). And here, the District Court assumed every relevant legal issue in the X Parties' favor but concluded that they failed to offer a "factual basis for sealing" in this case. *Anoke v. Twitter, Inc.*, No. 3:23-cv-02217, 2024 WL 3908108, at *4 (N.D. Cal. Aug. 20, 2024). That issue is not likely to recur. But even if it were, the X Parties identify no obstacle to seeking a stay pending appeal in any future cases if they are again found to have failed to meet their burden to justify sealing, and their failure to "obtain[] such an order in [this] particular case does not affect [the] jurisdictional inquiry." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 837 (9th Cir. 2014).

Finally, Respondents bundle their erroneous reading of the case law with the inflammatory and inaccurate suggestion that Mr. Silverman concealed from this Court what his motion directly stated: the District Court "made the statement at issue immediately available on the public docket following its ruling." Mot. to Dismiss Appeal as Moot at 3 n.3 (Dkt. No. 8.1). Mr. Silverman could only speculate as to the reason for that action until now because, as the X Parties' exhibit makes clear, *see* X Opp'n, Ex. B at 1–2, counsel for the X Parties contacted the District Court's clerk *ex parte* and without informing Mr. Silverman's counsel in an apparent effort to have the statement resealed. Regardless, the point is

2

irrelevant: Whether the District Court's inadvertent disclosure, standing alone, would suffice to moot the X Parties' appeal is not this case. As Mr. Silverman's motion explained, this case unquestionably became moot when the X Parties opted to publicly file the disclosure statement on September 4 in compliance with the District Court's unsealing order, thereby ensuring that the unsealed document would remain "widely available on the internet" directly from the District Court's docket for months or years even if they were to appeal. *Doe No. 1*, 697 F.3d at 1237. And because that result stems from the X Parties' own litigation decisions, they cannot carry their burden of justifying the "extraordinary remedy" of vacatur for mootness in a case they continue to insist is live. *NASD Disp. Resol., Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007) (citation omitted).

This appeal is a transparent bid to tax Mr. Silverman for succeeding in unsealing the disclosure statement at issue—a result that further proceedings cannot undo. This Court should not humor the effort. Mr. Silverman respectfully urges that his motion to dismiss this appeal be granted.

## ARGUMENT

**I. Respondents-Appellants' objections to the District Court's unsealing order are moot because the document at issue was already made public.**

Straining to find ambiguity in the clear rule that "a case seeking to keep a document secret is moot once third parties have control over copies of the document," *Protectmarriage.com-Yes on 8*, 752 F.3d at 834 (citation omitted), the

3

X Parties argue that precedent is not controlling "when the ongoing availability of a court filing on the court's own docket is concerned," X Opp'n at 9. On its own terms, that claim is false. As *Doe No. 1* expressly states, this Court has "held in an appeal challenging the district court's order unsealing FOIA documents, that the appeal would become moot once the documents were unsealed, because the unsealing cannot be reversed." 697 F.3d at 1239 (citation and internal quotation marks omitted).[1] The X Parties' position is foreclosed by that binding precedent.

Even setting that aside, the X Parties also fail to surface a single out-of-circuit case that holds that resealing documents would provide meaningful relief when the documents have already become available to third parties. In *Stanko v. Stirling*, 109 F.4th 681, 699 (4th Cir. 2024), for instance, the appellant's "continuing injury" was "the *state*'s ongoing access to and ability to rely on [the unsealed documents]," and the Fourth Circuit concluded that it could "provide partial but meaningful relief by ordering [the documents] resealed *and the state's copies destroyed*," *id.* at 699 (emphases added). In other words, in *Stanko* the appellant's injury flowed from the availability of the information to a government party that was subject to the continuing control of the court. Here, by comparison,

---

[1] The documents were 'FOIA documents' in the sense that they were judicial records in a case where "[t]he merits of the underlying action concern[ed] whether the government ha[d] complied with its disclosure obligations under the FOIA," not documents requested through FOIA. *Islamic Shura Council*, 635 F.3d at 1164.

4

the X Parties' asserted injury turns entirely on *public* access to the document, which resealing it cannot remedy. *See Doe No. 1*, 697 F.3d at 1239 (contrasting cases in which "a court can grant some effective relief with an order directed at the parties appearing before it" with those in which documents have been "released to [a] third party"). Every other case the X Parties cite as purported support for their claim that "reducing [an unsealed document's] dissemination" would provide meaningful relief when that document is already in the hands of third parties is preceded by a cagy "Cf.," because none of them in fact say that. X Opp'n at 10.[2]

To return to the obvious: The document the X Parties hope to have sealed could not be more readily available to the public. It sits on the District Court's docket, where the X Parties publicly filed it months ago. Thanks to their appeal, it now also sits on "the Ninth Circuit docket, which generally moots any later attempt to seal the document[] from public view." *Al Otro Lado, Inc. v. Wolf*, No. 17-cv-

---

[2] In *In re Lombardi*, 741 F.3d 903 (8th Cir. 2014) (en banc), the documents in dispute were turned over to an opposing party in discovery, not available to the public, and as a result the court "d[id] not know whether the media sources" that had reported on the underlying facts of the case were correct, *id.* at 904. Similarly, in *ADAPT of Philadelphia v. Philadelphia Housing Authority*, 417 F.3d 390 (3d Cir. 2005), the documents in dispute had not been disclosed to the public—only to a party opponent whom the court concluded could be ordered to return, destroy, or refrain from disseminating them, *id.* at 394. Both cases are consistent with the line drawn in this Circuit's precedent, which turns on whether the information at issue is "widely available to the public"—as the disclosure statement at issue here indisputably is. *Protectmarriage.com-Yes on 8*, 752 F.3d at 834 (citation omitted).

2366, 2020 WL 2097598, at *5 (S.D. Cal. May 1, 2020).³ And it sits on the websites of "prominent news organizations." *Id.* (quoting *Constand*, 833 F.3d at 410). The question whether it should once have been kept secret is now moot.

## II. No exception to mootness applies.

In the alternative, the X Parties contend that whether the District Court properly granted Mr. Silverman's motion is a question that is capable of repetition yet likely to evade review. It is not. For one, where a party "challenges only the sufficiency of the district court's factual findings" in connection with a motion to seal, they must show that "*essentially the same factual circumstances*" will recur— not just that they might, someday, dispute the unsealing of a different document. *Unabom Trial Media Coal.*, 183 F.3d at 951–52 (emphasis original). And for good reason: The decision whether to unseal judicial records always turns heavily on "the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Because the X Parties cannot— consistent with their burden to make a particularized factual showing to justify secrecy—simply copy-paste future motions to seal future corporate-disclosure

---

³ It bears underlining in that vein that an order reversing the District Court would not justify sealing the document as it appears on this Court's docket. *See* Cir. R. 27-13(a) ("[E]very document filed in or by this Court (whether or not the document was sealed in the district court) is in the public record unless this Court orders it to be sealed."). In that respect, too, this appeal is both frivolous and futile.

statements that contain different information, the question whether the District Court rightly found the factual showing *here* inadequate is not likely to recur.

Nor is the issue likely to evade review if it were to recur. The X Parties' own theory is that they could have obtained a stay pending appeal if not for the immediate disclosure of the document. *See* X Opp'n at 13–14. But if that's so, "there is no inherent limit on the duration of such controversies," *Protectmarriage.com-Yes on 8*, 752 F.3d at 837—a stay could protect appellate jurisdiction in future cases, *see id.*, and "[w]hether a party actually obtains such an order in a particular case does not affect [this Court's] jurisdictional inquiry." *id.*[4] It makes no sense for the X Parties to insist in the same breath that this case was mooted by a one-off mistake and that every such future case will be mooted too. Nothing about the issue presented here is systematically likely to evade review.

Finally, while the X Parties are keen to litigate whether the District Court should have "requir[ed] X Corp. to file its investor list in the first place," X Opp'n at 8, that issue is not properly before this Court. The order requiring that filing was

---

[4] Here again, the X Parties' insistence that the inquiry focuses on "the duration of the particular governmental actions being challenged, not some generic class," X Opp'n at 14, falls short of their duty to acknowledge on-point precedent, *see Protectmarriage.com-Yes on 8*, 752 F.3d at 836 ("[T]he 'capable of repetition, yet evading review' exception is concerned not with particular lawsuits, but with classes of cases that, absent an exception, would *always* evade judicial review." (quoting *Doe No. 1*, 697 F.3d at 1240)). Any mistake the clerk of court may have made in this case is therefore irrelevant to the capable-of-repetition analysis.

7

issued on June 6, 2023, *see* Order, *Anoke v. Twitter, Inc.*, No. 3:23-cv-02217 (N.D. Cal. June 6, 2023) (ECF No. 35), and the X Parties failed to timely appeal it. They identify no obstacle to taking such an appeal in the future if the issue arises again, but it has nothing to do with whether the District Court properly granted Mr. Silverman's motion to intervene and unseal.[5] If that issue has slipped away, the X Parties have only their own litigation decisions to blame. This appeal is moot.

### III. Vacatur is unwarranted.

As a final fallback, the X Parties ask that the District Court's opinion be vacated as moot. Even if it were, of course, "the opinion of the district court will not be ripped from Federal Supplement 2d," and it "will still be citable for its persuasive weight," which is "all the weight a district court opinion carries anyway." *NASD Disp. Resol., Inc.*, 488 F.3d at 1069. But in any event, vacatur when a case becomes moot is "an 'extraordinary remedy,' one only available to appellants who 'demonstrate . . . equitable entitlement' to it." *Id.* (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). That leaves the X Parties in the awkward position of urging both that their appeal is live and that there can be "no dispute" that it was mooted by the inadvertent early unsealing

---

[5] The X Parties' notice of appeal also failed to designate the June 6 order as an order appealed from. *See* Notice of Appeal, *Anoke v. Twitter, Inc.*, No. 3:23-cv-02217 (N.D. Cal. Sept. 19, 2024) (listing "08/20/2024" as the date of the order appealed).

8

of the disclosure statement. X Opp'n at 17. But again, the question whether that inadvertent disclosure would suffice to moot this case is not presented here because the X Parties went on to comply with the District Court's order by publicly filing the same document they now ask this Court to keep secret. That decision definitively foreclosed any possibility of relief from this Court on appeal, and vacatur is unwarranted where "the *party seeking appellate relief* fails to protect itself." *NASD Disp. Resol., Inc.*, 488 F.3d at 1069 (citation omitted).

Finally, and just as fundamentally, "the public interest" counsels against vacatur. *Id.* The District Court's decision is a well-reasoned rebuke of the X Parties' insistence on keeping secret what every other litigant in the federal courts makes public, information necessary to uphold both the appearance and reality of fairness in the administration of justice. The X Parties have failed to carry their burden of demonstrating equitable entitlement to vacatur of the unsealing order.

## CONCLUSION

For the foregoing reasons and those given in his motion, Mr. Silverman respectfully urges the Court to dismiss this appeal as moot.

Date: October 25, 2024  /s/ Katie Townsend
Katie Townsend
*Counsel of Record for*
  *Intervenor-Appellee*
Grayson Clary
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020

9

        Washington, D.C. 20005
        Telephone: (202) 795-9300
        Facsimile: (202) 795-9310

        Jean-Paul Jassy
        Nicholas Hartmann
        JASSY VICK CAROLAN, LLP
        355 S. Grand Avenue, Suite 2450
        Los Angeles, CA 90071
        Telephone: (310) 870-7048
        Facsimile: (310) 870-7010

## CERTIFICATE OF COMPLIANCE

This motion complies with the length requirements of Cir. R. 27-1(1)(d) because it does not exceed 10 pages, excluding the elements excluded by Cir. R. 27-1(1)(d), Fed. R. App. P. 27(a)(2)(B), and Fed. R. App. P. 32(f).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it is set in 14-point Times New Roman, a proportionally spaced typeface, and was prepared using Microsoft Word for Mac (version 16.78).

Date: October 25, 2024  /s/ Katie Townsend
Katie Townsend
*Counsel of Record for Intervenor-Appellee*
REPORTERS COMMITTEE
  FOR FREEDOM OF THE PRESS

## CERTIFICATE OF SERVICE

I, Katie Townsend, do hereby certify that I have filed the foregoing Reply in Support of Motion to Dismiss Appeal as Moot electronically with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system on October 25, 2024.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: October 25, 2024  

*/s/ Katie Townsend*
Katie Townsend
*Counsel of Record for Intervenor-Appellee*
REPORTERS COMMITTEE
  FOR FREEDOM OF THE PRESS