# No. 24-5936

# In the United States Court of Appeals

### FOR THE NINTH CIRCUIT

SARAH ANOKE; CATHERINE BONN; ISABELLE CANNELL;
SAMANTHA FESTEJO; DAWN HOISE; WAYNE KRUG; LAURENT
LUCE; PATRICK O'CONNELL; JENNIFER RYAN; JAIME SENA;
JAMES SHOBE; KARYN THOMPSON; CRISTIAN ZAPATA;
MELANIE EUSEBIO; CARLOS MOISES ORTIZ GOMEZ,

*Plaintiffs-Appellees*,

v.

JACOB SILVERMAN,

*Intervenor-Appellee*,

TWITTER, INC.; X HOLDINGS CORP.; X CORP.;
X HOLDINGS I, INC.; ELON MUSK,

*Defendants-Appellants.*

On Appeal from the U.S. District Court for the Northern District of California
No. 3:23-cv-02217 (Hon. Susan Illston)

## APPELLANTS' EXCERPTS OF RECORD
## VOLUME 1 OF 1

MICHAEL E. KENNEALLY
BRENDAN J. ANDERSON
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000

ERIC MECKLEY
BRIAN D. BERRY
MORGAN, LEWIS & BOCKIUS LLP
One Market Street, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000

*Counsel for Defendants-Appellants*
*Twitter, Inc., X Holdings Corp., X Corp., X Holdings I, Inc., and Elon Musk*

# INDEX

**Page**

Order Granting Motion to Intervene and Unseal Corporate Disclosure
Statement, Filed August 20, 2024 (Dkt. 53) .................................................. 3

Order Remanding Action to State Court, Filed June 27, 2023 (Dkt. 41) .................. 11

Order Granting Administrative Motion to File Under Seal, Filed June 13,
2023 (Dkt. 39) ........................................................................................... 16

Order Granting Plaintiffs' Administrative Motion Directing Defendants to
Supplement Corporate Disclosure Statement, Filed June 6, 2023 (Dkt. 35) ............ 17

Notice of Motion and Motion of Non-Party Jacob Silverman to Intervene and
Unseal Judicial Records, Filed July 3, 2024 (Dkt. 44) ................................. 18

Reply in Support of Respondents' Administrative Motion to File Under Seal,
Filed June 12, 2023 (Dkt. 38) ..................................................................... 41

Petitioners' Memorandum of Law in Opposition to Motion to Seal, Filed June
12, 2023 (Dkt. 37) ....................................................................................... 43

Respondents' Administrative Motion to File Under Seal, Filed June 9, 2023
(Dkt. 36) ....................................................................................................... 50

   Declaration of Dhruv Batura in Support of Respondents'
   Administrative Motion to File Under Seal (Dkt. 36-1) ................................. 56

Respondents' Rule 7.1 Corporate Disclosure Statement and Certification
Pursuant to Local Rule 3-15, Filed May 8, 2023 (Dkt. 4) .......................... 59

Notice of Appeal, Filed September 19, 2024 (Dkt. 55) ............................... 61

Docket, *Anoke v. Twitter, Inc.*, No. 23-cv-2217 (N.D. Cal.) ....................... 64

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, et al., | Case No. 23-cv-02217-SI |
| Petitioners, | |
| v. | **ORDER GRANTING MOTION TO INTERVENE AND UNSEAL CORPORATE DISCLOSURE STATEMENT** |
| TWITTER, INC., et al., | |
| Respondents. | Re: Dkt. No. 44 |

Non-party Jacob Silverman, a journalist who covers the technology industry, seeks to intervene in this action for the limited purpose of obtaining an order unsealing respondent X Holdings Corp.'s supplemental corporate disclosure statement filed in redacted form at Dkt. No. 36-3. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for August 23, 2024. For the reasons set forth below, the Court GRANTS Silverman's motion.

## BACKGROUND

On May 5, 2023, respondents removed this action from state to federal court, asserting this Court had original jurisdiction over the underlying claims that petitioners, former Twitter employees, sought to arbitrate. Dkt. No. 1-1. Respondents are Twitter, Inc.; X Holdings I, Inc.; X Holdings Corp.; X Corp.; and Elon Musk. *Id.* On June 27, 2023, the Court remanded this case to state court, finding federal-question jurisdiction was lacking, and terminated the action. Dkt. No. 41.

While the action was still pending, respondents filed a corporate disclosure statement in accordance with Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15. Dkt. No. 4. The

United States District Court
Northern District of California

1   statement explained that respondent X Corp. is wholly owned by X Holdings Corp., and that no

2   publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock.  *Id.* at 2.

3   Petitioners then filed an administrative motion for respondents to identify the individuals or entities

4   that own X Holdings Corp., a privately held corporation, arguing that the disclosure statement did

5   not comply with this district's Civil Local Rule 3-15.[1]  The Court granted petitioners' administrative

6   motion, over respondents' objection.  Dkt. Nos. 25, 35.  Respondents then filed their supplemental

7   corporate disclosures in redacted form, along with a motion to seal.  Dkt. No. 36.   Petitioners

8   opposed the sealing motion.  Dkt. No. 37.  On June 13, 2023, the Court granted respondents' motion

9   to file the supplemental disclosure statement under seal but ordered "that the unredacted statement

10  be shared with petitioners' counsel subject to the condition that petitioners and their counsel shall

11  maintain the confidentiality of the statement."  Dkt. No. 39.

12      On July 3, 2024, Silverman moved to intervene and to unseal respondents' supplemental

13  corporate disclosure statement.  Dkt. No. 44 ("Mot.").  Respondents oppose, and Silverman has filed

14  a reply brief.  Dkt. Nos. 47 ("Opp'n"), 52 ("Reply").  According to Silverman, petitioners do not

15  oppose his motion.  *See* Dkt. No. 44, Notice of Mot. at 3.

16

17                                      **DISCUSSION**

18      Respondents and Silverman dispute whether the Court has jurisdiction to decide Silverman's

19  motion, whether Silverman should be allowed to intervene, and whether respondents' corporate

20  disclosure statement should remain sealed.

21

22

23          [1] Civil Local Rule 3-15 requires disclosure of:

24              any persons, associations of persons, firms, partnerships, corporations
                (including, but not limited to, parent corporations), or any other
25              entities, other than the parties themselves, known by the party to have
                either: (i) a financial interest of any kind in the subject matter in
26              controversy or in a party to the proceeding; or (ii) any other kind of
                interest that could be substantially affected by the outcome of the
27              proceeding.

28  Civ. L.R. 3-15(b)(2).

                                            2

## I.      Jurisdiction

The Court rejects respondents' threshold argument that, once this action was remanded to state court, this Court lost jurisdiction to decide any further motions.  Although remand typically divests the federal court of jurisdiction, *Seedman v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988), the district court retains jurisdiction after remand to, for instance, entertain a collateral motion for attorney's fees.  *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).  District courts also have inherent supervisory authority over their own records and files.  *Hagestad v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 5989 (1978)).  In that vein, the Ninth Circuit has held that a district court retains the power to modify a protective order after a case is settled and dismissed, explaining that "an independent jurisdictional basis is not required [where] intervenors do not seek to litigate a claim on the merits" because "[t]hey ask the court only to exercise that power which it already has, *i.e.*, the power to modify the protective order."  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992).[2]  Respondents attempt to distinguish *Beckman* only on the grounds that this motion involves unsealing a corporate disclosure statement, where *Beckman* addressed unsealing deposition transcripts.  *See* Opp'n at 8-9 n.3.  When it comes to jurisdiction, the Court finds this to be a distinction without a difference.

Accordingly, under the district court's inherent supervisory power over its records, and because Silverman does not intervene to litigate the underlying claim on the merits, the Court finds that it retains jurisdiction over this action for the limited purpose of addressing the sealing request.

## II.     Intervention

Respondents next argue that Silverman has not met the requirements either for intervention as of right or permissive intervention, under Federal Rule of Civil Procedure 24(a) or (b), respectively.  The Court finds permissive intervention appropriate.[3]  Where a non-party seeks to

---

[2] As here, *Beckman* dealt with a request for permissive intervention under Federal Rule of Civil Procedure 24(b).

[3] Because permissive intervention is appropriate, the Court does not address separate

intervene to litigate a claim on the merits, "Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, 966 F.2d at 473 (citation omitted). However, "[a] third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact." *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (citing *Beckman*, 966 F.2d at 473). Respondents concede as much, challenging Silverman's ability to intervene only on timeliness grounds, arguing he brings his motion too late because this case was closed more than a year ago. *See* Opp'n at 14-15. Respondents argue that they are prejudiced by this late-filed motion because they must now relitigate an already-litigated issue in this closed action. *Id.* at 14.

Courts analyze the same three factors for timeliness for both mandatory and permissive intervention: "(1) the stage of the proceeding; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984); *see also League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (citing *Cnty. of Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986)). "In the context of permissive intervention, however, [courts] analyze the timeliness element more strictly than . . . with intervention as of right." *Wilson*, 131 F.3d at 1308 (citing *State of Or.*, 745 F.2d at 552). "Mere lapse of time alone is not determinative." *State of Or.*, 745 F.2d at 552 (citation omitted).

Here, the Court finds that the lapse of roughly 12.5 months between the initial court order sealing the supplemental disclosure statement and the filing of Silverman's motion is not enough delay to deny intervention under Federal Rule of Civil Procedure 24(b). As the Ninth Circuit has observed, "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News, Inc., v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1101 (9th Cir. 1999) (citing *Beckman*, 966 F.2d at 471 (affirming intervention 2 years after settlement); *Public Citizen v. Liggett Grp.,* 858 F.2d 775, 785 (1st Cir. 1988) (collecting cases)). Nor is the Court persuaded that respondents' re-litigation of this single issue creates enough

arguments both sides raise regarding intervention as of right.

4

prejudice to deny intervention. Indeed, respondents take the viewpoint that Silverman is raising nothing new that petitioners did not already raise in the first go-round. *See* Opp'n at 10-11 (arguing Silverman's interests were adequately represented by petitioners' opposition to the sealing motion). Thus, the burden on respondents is not onerous.

The Court GRANTS Silverman's motion for permissive intervention under Federal Rule of Civil Procedure 24(b).

### III. Public Access to Judicial Records

Finally, the Court turns to whether the supplemental corporate disclosure statement is properly subject to sealing.[4] With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, or a motion "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotation marks omitted). Generally, however, when a party seeks to seal documents attached to a non-dispositive motion only tangentially related to the merits of a case, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *Ctr. for Auto Safety*, 809 F.3d at 1099; Fed. R. Civ. P. 26(c).

Here, respondents and Silverman dispute whether a corporate disclosure statement is more than tangentially related to the merits of the case. Silverman argues that such disclosures are "central

---

[4] As Silverman notes, courts routinely revisit sealing orders upon a request by an intervenor. *See, e.g., Cosgrove*, 770 F. App'x at 795 (where a third party seeks permissive intervention purely to unseal a court record, the district court "must evaluate whether the countervailing interests opposing public disclosure can overcome the presumption in favor of it").

5

United States District Court
Northern District of California

1  to the performance of the judicial function" and are a mandatory prerequisite before the Court knows

2  whether it can adjudicate the case at all.  Reply at 9 (quoting *Mayer v. Patriot Pickle, Inc.*, No. 23-

3  cv-1299-LJV, 2024 WL 162881, at *5 (W.D.N.Y. Jan. 16, 2024)).

4          The Court need not resolve this question because respondents have not met their burden even

5  under the lower "good cause" standard.  Respondents have filed no new evidence but refer back to

6  the declaration originally filed in support of their sealing motion.  *See* Opp'n (citing Dkt. No. 36-1

7  ("Batura Decl.")).  That declaration states, in relevant part:

8          3.      The owners/shareholders of X Holdings include various
           individual persons, private family and other trusts, and other private
9          entities (such as funds, LLCs and corporations).  As a matter of
           routine practice and policy, X Holdings does not publish or make
10         publicly available information regarding its owners/shareholders and
           treats such information as confidential.  Individuals and entities
11         investing and taking an ownership interest in a private corporation
           such as X Holdings expect that such information will remain private.
12         The disclosure of such information violates this expectation of
           privacy.  Also, in certain cases, X Holdings is contractually bound to
13         keep such information confidential.

14         4.      The wholesale disclosure of information regarding its
           owners/shareholders potentially could enable X Holdings'
15         competitors to undermine X Holdings' competitive position in the
           marketplace, allow current or prospective business partners or
16         counterparties to take unfair advantage of X Holdings in negotiations
           or other business affairs, or otherwise prejudice X Holdings' business
17         interests. . . .

18  Batura Decl. ¶¶ 3-4.  In essence, the declaration states that the corporate disclosure statement should

19  be sealed from the public eye because X Holdings Corp. has a policy of not revealing this

20  information, its investors expect it will not reveal this information, and revealing this information

21  may harm its competitive position in the marketplace.

22          In the Ninth Circuit, the common law right of access to records in civil proceedings "may

23  be overcome 'only on the basis of articulable facts known to the court, not on the basis of

24  unsupported hypothesis or conjecture.'"  *Hagestad*, 49 F.3d at 1434 (quoting *Valley Broadcasting

25  Co. v. United States Dist. Ct.*, 798 F.2d 1289, 1293 (9th Cir. 1986)).  Here, respondents have

26  presented little more than conjecture in support of their position.  The disclosure statement does not

27  contain any scandalous information or trade secrets.  *See id.* ("The factors relevant to a determination

28  of whether the strong presumption of access is overcome include the 'public interest in

United States District Court
Northern District of California

6

**ER-8**

United States District Court
Northern District of California

1   understanding the judicial process and whether disclosure of the material could result in improper

2   use of the material for scandalous or libelous purposes or infringement upon trade secrets.'")

3   (citations omitted).  In considering whether the presumption of access has been overcome, and

4   "[a]fter taking all relevant factors into consideration, the district court must base its decision on a

5   compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or

6   conjecture." *Id.* (citation omitted).  On the record before it, the Court is unable to discern a factual

7   basis for sealing the disclosure.

8          The Court reiterates that respondents are the ones who invoked federal jurisdiction by

9   removing this action from state court.  When they removed the case, respondents agreed to abide by

10  federal procedures and this district's local rules, which include the rule requiring disclosure of any

11  persons or entities "known by the party to have . . . a financial interest of any kind in the subject

12  matter in controversy or in a party to the proceeding[.]"  *See* Civ. L.R. 3-15(b)(2); *see also* Fed. R.

13  Civ. P. 7.1 advisory committee's note to 2002 amendment ("Rule 7.1 does not prohibit local rules

14  that require disclosures in addition to those required by Rule 7.1.").  This is not, for instance, a case

15  in which respondents have been unwillingly haled into federal court by a party with "a history of

16  filing baseless 'strike' suits alleging copyright violations" for the ulterior motive of discovering the

17  identity of defendants' parent corporations.  *See Best Odds Corp. v. iBus Media Ltd.*, No. 14-cv-

18  00932-RCJ-VCF, 2014 WL 5687730, at *1 (D. Nev. Nov. 4, 2014).  When pressed, respondents did

19  not show good cause to maintain their supplemental corporate disclosure statement under seal.

20         The Court sees no remedy other than the full unsealing of the statement.  The corporate

21  disclosures required by Federal Rule of Civil Procedure 7.1 and this district's Civil Local Rule 3-

22  15 "support properly informed disqualification decisions in situations that call for automatic

23  disqualification under Canon 3C(1)(c)" of the Code of Conduct for United States Judges.  *See* Fed.

24  R. Civ. P. 7.1 advisory committee's note to 2002 amendment.  Judicial conflicts of interest are not

25  matters that can be resolved among the Court and the parties alone; the public has an independent

26  interest in overseeing this process.

27         For these reasons, the Court GRANTS Silverman's motion to unseal respondents'

28  supplemental corporate disclosure statement.

**CONCLUSION**

The Court GRANTS the motion to intervene and to unseal the supplemental corporate disclosure statement filed at Dkt. No. 36. Respondents shall file an unredacted version of the supplemental corporate disclosure statement on the public docket **no later than September 4, 2024.**

**IT IS SO ORDERED**.

Dated: August 20, 2024

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

8

**ER-10**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, et al., | Case No. 23-cv-02217-SI |
| Petitioners, | **ORDER REMANDING ACTION TO STATE COURT** |
| v. | Re: Dkt. No. 24 |
| TWITTER, INC., et al., | |
| Respondents. | |

Petitioners have filed a motion to remand this action to state court.  Dkt. No. 24.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and **VACATES** the hearing scheduled for June 30, 2023.  For the reasons stated below, the Court **GRANTS** petitioners' motion to remand but **DENIES** petitioners' request for attorneys' fees and costs.

## BACKGROUND

Petitioners in this case are fifteen individuals, all former employees of Twitter, Inc., who assert that they executed arbitration agreements with Twitter as a condition of their employment.  Dkt. No. 1-1, Pet. at 4.  The arbitration agreements provided for arbitration with JAMS.  *Id.*

On February 24, 2023, petitioners each filed a demand for arbitration with JAMS.  *Id.*  In the demands, petitioners brought claims under both state and federal law, including for violations of the federal WARN ACT, 29 U.S.C. § 2101 et seq.  *See generally* Dkt. No. 1-2, Meckley Decl., Ex. A-O.

On March 7, 2023, JAMS emailed all counsel and attached an invoice dated March 6, 2023, addressed to Twitter for its share of the case-initiating fees.  Pet. at 4; *see also* Pet., Ex. 1, 2.  The

United States District Court
Northern District of California

1     email and the invoice stated that payment was due upon receipt.  Pet., Ex. 1, 2.[1]

2           On April 27, 2023, alleging that Twitter's portion of the case-initiating fees remained

3     outstanding, petitioners sought relief in San Francisco County Superior Court by filing a "Petition

4     to Compel Arbitration Award Relief Under Cal. Code Civ. Proc. § 1281.97."  *See generally* Pet.[2]

5     Section 1281.97, which took effect in 2020, provides, in part, that when the drafting party of an

6     employment or consumer arbitration agreement fails to pay the fees or costs to initiate arbitration

7     "within 30 days after the due date[,] the drafting party is in material breach of the arbitration

8     agreement, is in default of the arbitration, and waives its right to compel arbitration under Section

9     1281.2."  *See* Cal. Code Civ. Proc. § 1281.97(a)(1).  The statute provides two remedies, one of

10    which is that the employee or consumer may "[c]ompel arbitration in which the drafting party shall

11    pay reasonable attorney's fees and costs related to the arbitration."  *Id.* § 1281.97(b)(2).

12          In their state court petition, petitioners named as respondents: Twitter, Inc.; X Holdings I,

13    Inc.; X Holdings Corp.; X Corp.; and Elon Musk.  Petitioners requested that "Twitter should be

14    ordered to proceed with arbitration, to pay any JAMS fees still outstanding, and to pay Petitioners'

15    costs and reasonable attorneys' fees in connection with their arbitrations and with this [petition]."

16    Pet. at 8.

17          On May 5, 2023, respondents removed the action to federal court, on the basis of federal-

18    question jurisdiction.[3]  Dkt. No. 1.  Petitioners now move to remand the action to state court, and

19    they also ask that the Court award them their attorneys' fees and costs associated with filing the

20    motion to remand.  Dkt. No. 24.  Respondents oppose.  Dkt. No. 31.

21

22

---

23          [1] Some confusion around payment, not directly relevant to the motion at hand, then ensued.
      In short, on March 7, 2023, petitioners accidentally paid the invoice that was made out to Twitter.
24    JAMS issued a refund check on March 21, 2023.  One week later, on March 28, "due to an internal
      error" (according to petitioners), JAMS emailed counsel for all parties and informed them the initial
25    filing fees in the matter had been paid.  On April 8, 2023, JAMS emailed counsel and issued a
      second invoice for the same fees.  *See* Pet. at 4-5.

26          [2] *Anoke v. Twitter, Inc.*, Case No. CPF-23-518034 (Super. Ct. San Francisco County, filed
27    Apr. 27, 2023).

28          [3] Respondents also state that they paid their share of the arbitration case-initiating fees on
      May 5, 2023, and that such payment was timely made.  Dkt. No. 31, Opp'n at 3.

2

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject-matter jurisdiction: (1) federal-question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

A motion to remand is the proper procedure for challenging removal. Remand to state court may be ordered either for lack of subject-matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447(c). The court may remand *sua sponte* or on motion of a party, and the party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citations omitted). Any doubt as to the right of removal must be resolved in favor of remand to state court. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

In their notice of removal, respondents assert that "[a] federal court has original jurisdiction over a petition to compel arbitration when it has original jurisdiction over the claims that the petition seeks to arbitrate." Dkt. No. 1, Notice of Removal at 2. Respondents cite to *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009). Notice of Removal at 2.

In *Vaden*, the Supreme Court analyzed whether federal courts have subject-matter jurisdiction over a petition to compel arbitration brought under § 4 of the Federal Arbitration Act ("FAA"). The *Vaden* Court held, "A federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law . . . ." 556 U.S. at 62. In other words, while the FAA does not itself confer federal jurisdiction, federal-question jurisdiction over a § 4 petition exists where the underlying controversy between the parties arises under federal law.

Here, however, petitioners rightly note two things: (1) that petitioners did not bring a § 4 petition to compel arbitration; and (2) that *Vaden* turned on an analysis of the specific language

3

United States District Court
Northern District of California

1    contained in § 4 of the FAA.  Last year, the Supreme Court declined to extend the "look-through"

2    doctrine to Sections 9 and 10 of the FAA.[4]  *See Badgerow v. Walters*, 142 S. Ct. 1310, 1314 (2022).

3    In doing so, the Supreme Court explained, "In *Vaden*, this Court approved the look-through

4    approach for a § 4 petition, relying on that section's express language." *Id.* at 1317.  The *Badgerow*

5    Court then emphasized,

> 6    The federal district courts may not exercise jurisdiction absent a
> 7    statutory basis.  And the jurisdiction Congress confers may not be
>      expanded by judicial decree.  These bedrock principles prevent us
> 8    from pulling look-through jurisdiction out of thin air—from somehow
>      finding, without textual support, that federal courts may use the
> 9    method to resolve various state-law-based, non-diverse Section 9 and
>      10 applications.  The look-through rule is a highly unusual one . . . .
> 10   We recognized that rule in *Vaden* because careful analysis of Section
>      4's text showed that Congress wanted it applied to petitions brought
> 11   under that provision. . . .

12   *Id.* at 1318 (internal quotation marks and citations omitted).

13        Despite petitioners' discussion of *Badgerow* in the motion to remand, respondents here did

14   not address the case in their opposition brief.  Instead, respondents repeatedly mischaracterize *Vaden*

15   as applying outside of the § 4 context.  *See, e.g.*, Opp'n at 3 ("Because their Petition seeks an order

16   compelling arbitration of claims that arise under federal employment statutes, this Court plainly has

17   federal question jurisdiction.  *Vaden*, 556 U.S. at 62."); Notice of Removal at 3 ("Removal is

18   therefore proper because this Court has original jurisdiction over the federal claims.  *See* 28 U.S.C.

19   Section 1441; *Vaden*, 556 U.S. at 62.").

20        Moreover, respondents' arguments ignore a fundamental tenet of removal law: the "well-

21   pleaded complaint rule."  This rule "provides that federal jurisdiction exists only when a federal

22   question is presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes

23   the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance

24   on state law."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted).

25   Both parties spend significant portions of their briefs debating whether or not the petitioners here

26   <u>could have</u> filed the underlying action as a petition to compel arbitration under § 4 of the FAA.

27

28
_____

[4] Sections 9 and 10 apply to requests to confirm or vacate arbitral awards.

4

United States District Court
Northern District of California

1    Whether or not they could have is irrelevant.  In determining whether removal jurisdiction exists,

2    the Court looks to the face of the well-pleaded complaint.  Petitioners here did not move to compel

3    arbitration under § 4 of the FAA.  They petitioned for relief only under California state law, i.e., for

4    enforcement of California Code of Civil Procedure § 1281.97.

5         Guided by the Supreme Court's instruction that *Vaden*'s "look-through" holding is limited

6    to § 4 petitions, as well as by the principle that removal jurisdiction must be strictly construed in

7    favor of remand, *see Harris*, 425 F.3d at 698, this Court must grant the motion to remand.

8         In its discretion, the Court declines to award attorneys' fees and costs to petitioners under

9    28 U.S.C. § 1447(c).  The Court has reviewed the papers submitted, as well as petitioners'

10   allegations regarding Twitter's misrepresentations and delay tactics in this case.  Many of these

11   arguments are intertwined with the merits of the underlying case, which are best left to the state

12   court to resolve.  The Court declines to find that respondents "lacked an objectively reasonable basis

13   for seeking removal."  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

14

15                              **CONCLUSION**

16        Having found federal-question jurisdiction lacking, the Court hereby **REMANDS** this action

17   to the Superior Court of the State of California, County of San Francisco.  The Court **DENIES**

18   petitioners' request for an award of fees and costs associated with filing the motion to remand.  The

19   case management conference currently scheduled for August 11, 2023, is **VACATED.**

20

21        **IT IS SO ORDERED**.

22   Dated: June 27, 2023

23   _____

24   SUSAN ILLSTON
     United States District Judge

25

26

27

28

5

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, *et al.*, | Case No. 23-cv-02217-SI |
| Petitioners, | |
| v. | **ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| TWITTER, INC., *et al.*, | Re: Dkt. No. 36 |
| Respondents. | |

The Court has reviewed the parties' briefing regarding defendants' administrative motion to seal. The Court GRANTS the motion and orders that the unredacted statement shall be shared with petitioners' counsel subject to the condition that petitioners and their counsel shall maintain the confidentiality of the statement.

**IT IS SO ORDERED**.

Dated: June 13, 2023

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

**ER-16**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, et al., | Case No. 23-cv-02217-SI |
| Plaintiffs, | |
| v. | **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION DIRECTING DEFENDANTS TO SUPPLEMENT CORPORATE DISCLOSURE STATEMENT** |
| TWITTER, INC., et al., | |
| Defendants. | Re: Dkt. No. 19 |

Plaintiffs have filed an administrative motion seeking an order directing defendants to supplement their corporate disclosure statement. The Court has reviewed the briefing and concludes that because X Holdings Corporation is a privately owned corporation, Civil Local Rule 3-15 requires defendants to disclose who owns X Holdings Corporation because that person or persons have a "financial interest of any kind in the subject matter in controversy."

Accordingly, defendants are directed to file a supplemented corporate disclosure statement no later than June 9, 2023.

**IT IS SO ORDERED**.

Dated: June 6, 2023

SUSAN ILLSTON
United States District Judge

1  KATIE TOWNSEND (SBN 254321)
2  ktownsend@rcfp.org
   REPORTERS COMMITTEE FOR
3  FREEDOM OF THE PRESS
   1156 15th Street NW, Suite 1020
4  Washington, D.C. 20005
5  Telephone: (202) 795-9300
   Facsimile: (202) 795-9310
6
7  *Counsel for Non-Party Intervenor*
   JACOB SILVERMAN
8
9
10                 UNITED STATES DISTRICT COURT
11               NORTHERN DISTRICT OF CALIFORNIA
12
   SARAH ANOKE, CATHERINE BONN,          Case No. 3:23-cv-02217-SI
13 ISABBELLE CANNELL, MELANIE
14 EUSEBIO, SAMTHAN FESTEJO,             **NOTICE OF MOTION AND**
   CARLOS MOISES, ORTIZ GOMEZ,           **MOTION OF NON-PARTY JACOB**
15 DAWN HOISE, WAYNE KRUG,               **SILVERMAN TO INTERVENE AND**
   LAURENT LUCE, PATRICK                 **UNSEAL JUDICIAL RECORDS**
16 O'CONNELL, JENNIFER RYAN,
17 JAIME SENA, JAMES SHOBE,              [Memorandum of Points and Authorities
   KARYN THOMPSON, AND CRISTIAN          and [Proposed] Order Filed Concurrently
18 ZAPATA,                               Herewith]
19
20              Petitioners,             HEARING DATE: August 16, 2024
                                         TIME: 10:00AM
21      v.
                                         Judge: Hon. Susan Illston
22
   TWITTER, INC., X HOLDINGS I, INC.,
23 X HOLDINGS CORP., X CORP., AND
24 ELON MUSK,
25              Respondents.
26
27
28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, August 16, 2024, at 10:00AM, or as soon as this matter may be heard before the Honorable Susan Illston, United States District Court Judge for the District of Northern California, non-party Intervenor Jacob Silverman will and hereby does move to intervene in the above-captioned access for the limited purpose of seeking an order unsealing Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement (the "Disclosure Statement"), filed in redacted form at ECF No. 36-3.  This motion is made on the grounds that:

1)      Mr. Silverman is entitled to intervene in the above-captioned action for the limited purpose of asserting his common law and First Amendment rights of access to judicial records filed with this Court, including the Disclosure Statement.

2)      The First Amendment right of access attaches to Rule 7.1 disclosure statements.  *See, e.g.*, *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 (S.D. Ga. 2016).  A party attempting to overcome the First Amendment's presumption of access can do so only if—and only to the extent that—it can show that sealing "is essential to preserve higher values and is narrowly tailored to serve that interest." *CBS, Inc v. U.S. Dist. Ct. for Central Dist. of Cal.*, 765 F.2d 823, 825 (9th Cir. 1985) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).  Under that strict standard, the Disclosure Statement must be unsealed.

3)      The common law right of access likewise attaches to Rule 7.1 disclosure statements.  *See, e.g.*, *Mayer v. Patriot Pickle, Inc.*, No. 23-cv-1299, 2024 WL

162881, at *4 (W.D.N.Y. Jan. 16, 2024) (collecting cases refusing to seal disclosure statements under the common law).  A party can rebut that "strong" presumption of access only by demonstrating "compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure. . . ."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted).  Under that strict standard, too, the Disclosure Statement must be unsealed.

This Notice of Motion and Motion are based on the concurrently filed Memorandum of Points and Authorities; all pleadings, records, and files in the above-captioned case; all matters of which the Court shall take judicial notice; and on such argument as may be presented by counsel at any hearing to be held on this Motion.

This Motion is made following conferences of counsel by phone on Thursday, June 27 and Friday, June 28.  Petitioners do not oppose this motion; Respondents oppose intervention and oppose unsealing the Disclosure Statement.

Dated: July 3, 2024

s/ *Katie Townsend*
Katie Townsend
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

*Counsel for Non-Party Intervenor*
JACOB SILVERMAN

NOTICE OF MOTION AND MOTION OF NON-PARTY JACOB SILVERMAN
TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI — PAGE 3 OF 3

ER-20

1  KATIE TOWNSEND (SBN 254321)
2  ktownsend@rcfp.org
   REPORTERS COMMITTEE FOR
3  FREEDOM OF THE PRESS
   1156 15th Street NW, Suite 1020
4  Washington, D.C. 20005
5  Telephone: (202) 795-9300
   Facsimile: (202) 795-9310
6
7  *Counsel for Non-Party Intervenor*
   JACOB SILVERMAN
8

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABBELLE CANNELL, MELANIE EUSEBIO, SAMTHAN FESTEJO, CARLOS MOISES, ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, | Case No. 3:23-cv-02217-SI |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS** |
| Petitioners, | [Memorandum of Points and Authorities and [Proposed] Order Filed Concurrently Herewith] |
| v. | DATE: August 16, 2024 TIME: 10:00AM |
| TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP., X CORP., AND ELON MUSK, | Judge: Hon. Susan Illston |
| Respondents. | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE i

ER-21

1

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ........................................................................... iii

INTRODUCTION ...................................................................................... 1

FACTUAL BACKGROUND ..................................................................... 2

ARGUMENT ............................................................................................. 5

I.    The motion to intervene should be granted ........................................ 5

II.   The Disclosure Statement should be unsealed. .................................. 7

      A.    The First Amendment and common law presumptions of public access

      B.    Neither the First Amendment nor the common law presumption of public access is overcome with respect to the Disclosure Statement. .... 11

CONCLUSION ......................................................................................... 14

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB
SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE ii

ER-22

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*,
 404 F. Supp. 3d 486 (D. Mass. 2018) .......................................................... 9

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
 966 F.2d 470, 473 (9th Cir. 1992) .............................................................. 6

*Best Odds Corp. v. iBus Media Ltd.*,
 No. 2:14-cv-00932, 2014 WL 5687730 (D. Nev. Nov. 4, 2014) ........................... 11

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
 920 F.3d 209 (5th Cir. 2019) ..................................................................... 7

*Carlyle v. Cicatello*,
 No. 1:22-CV-61, 2022 WL 21794410 (M.D. Ga. Nov. 28, 2022) ................... 10, 12

*Ctr. for Auto Safety v. Chrysler Group*,
 809 F.3d 1092 (9th Cir. 2016) .............................................................. 10, 11

*Darton Archery, LLC v. Bowtech, LLC*,
 No. 23-cv-140, 2023 WL 2755760 (D. Del. Apr. 3, 2023) ......................... 7, 11, 12

*Doe v. Mass. Inst. of Tech.*,
 46 F.4th 61 (1st Cir. 2022) ....................................................................... 10

*Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*,
 No. 3:22-cv-00237, 2023 WL 4711158 (W.D. Pa. July 24, 2023) ..................... 9, 12

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
 331 F.3d 1122 (9th Cir. 2003) ................................................................... 10

*Ford v. City of Huntsville*,
 242 F.3d 235 (5th Cir. 2001) ..................................................................... 6

*Globe Newspaper Co. v. Superior Court*,
 457 U.S. 596 (1982) ................................................................................ 7

*In re Copley Press,*
    518 F.3d 1022 (9th Cir. 2008) ................................................................ 10

*Kamakana v. City & County of Honolulu,*
    447 F.3d 1172 (9th Cir. 2006) ................................................................ 11

*Manssor v. NRRM, LLC,*
    No. 23-cv-00236, 2023 WL 4093413 (W.D. Tex. June 20, 2023) .................... 9, 12

*Mayer v. Patriot Pickle Inc.,*
    No. 23-CV-1299, 2024 WL 162881 (W.D.N.Y. Jan. 16, 2024) .................. 9, 10, 12

*NetChoice v. Moody,*
    34 F.4th 1196 (11th Cir. 2022) ................................................................ 1

*NetChoice v. Moody,*
    144 S. Ct. 478 (2023) ............................................................................ 1

*Nixon v. Warner Commc'ns., Inc.,*
    435 U.S. 589 (1978) ............................................................................... 8

*Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Oregon,*
    920 F.2d 1462 (9th Cir. 1990) ................................................................ 11

*Packingham v. North Carolina,*
    582 U.S. 98 (2017) ......................................................................... *passim*

*Press-Enter. Co. v. Superior Court,*
    478 U.S. 1 (1986) .................................................................................. 8

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.,*
    187 F.3d 1096 (9th Cir. 1999) .................................................................. 6

*Steel Erectors, Inc. v. AIM Steel Int'l, Inc.,*
    312 F.R.D. 673 (S.D. Ga. 2016) ....................................................... *passim*

*United States v. Bradley,*
    No. 405CR059, 2007 WL 1703232 (S.D. Ga. June 11, 2007) ......................... 2

*United States v. Bus. of Custer Battlefield Museum & Store,*
    658 F.3d 1188 (9th Cir. 2011) .................................................................. 8

**ER-24**

*United States v. Index Newspapers LLC*,
   766 F.3d 1072 (9th Cir. 2014) ................................................................. 12

*Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*,
   No. 2:23-cv-81, 2023 WL 2435806 (M.D. Fla. Feb. 16, 2023) ...................... 10, 12

*Wilkins v. Tory Burch, LLC*,
   No. 4:23-cv-422, 2023 WL 3600084 (E.D. Mo. May 23, 2023) ............................ 10

*WSOU Invs., LLC v. Salesforce, Inc.*,
   No. 6:20-cv-1163, 2023 WL 2213200 (D. Del. Feb. 24, 2023) ....................... 10, 12

**Statutes:**

Protecting Americans from Foreign Adversary Controlled Applications Act, Pub.
L. No. 118-50 (Apr. 24, 2024) ................................................................. 13

**Other Authorities:**

Faiz Siddiqui et al., *U.S. Exploring Whether It Has Authority to Review Musk's
Twitter Deal*, Wash. Post (Nov. 1, 2022)................................................... 13

Hamza Shaban & Faiz Siddiqui, *Here's Who Helped Elon Musk Buy Twitter*,
Wash. Post (Dec. 24, 2022) ................................................................... 3

Jacob Silverman, *Musk of the Spheres*, The Baffler (July 2022) ................................. 3

Jacob Silverman, *Terms of Service: Social Media and the Price of Constant
Connection* (2015) ............................................................................. 3

Low De Wei & Marika Katanuma, *Twitter Company 'No Longer Exists'; It's Now
Part of Musk's X Corp.*, L.A. Times (Apr. 11, 2023).................................... 4

María Antonia Sánchez-Vallejo, *Under Elon Musk, Twitter Has Approved 83% of
Censorship Requests by Authoritarian Governments*, El País (May 24, 2023)....... 14

Matthew Frankel, *Who Owns X (Formerly Twitter)?*, The Motley Fool (Mar. 21,
2024) .............................................................................................. 3

McKenzie & Jacob Silverman, *Easy Money: Cryptocurrency, Casino Capitalism,
and the Golden Age of Fraud* (2023) ...................................................... 3

Patrice Taddonio, *How Saudi Arabia Weaponized Twitter to Target MBS Critics*,
    PBS (Nov. 7, 2019) ................................................................................. 13

Rebecca Kern, *Musk's Foreign Investors In Twitter Are 'Worthy' of Review, Biden
    Says*, POLITICO (Nov. 9, 2022) ............................................................ 13

Rohan Goswami, *Elon Musk Told Joe Rogan He Bought Twitter to Stop
    'Extinctionist' Mind Virus*, CNBC (Nov. 2, 2023) ................................... 3

Will Oremus et al., *A Year Later, Musk's X Is Tilting Right. And Sinking*, Wash.
    Post (Oct. 27, 2023) ........................................................................... 1, 3

**Rules:**

L.R. 79-5(g)(3) ............................................................................................. 6

L.R.  3-15 .................................................................................................. 1, 4

**INTRODUCTION**

Non-party Jacob Silverman—a journalist who covers the technology industry—seeks to intervene in the above-captioned matter for the limited purpose of obtaining an order unsealing the supplemental corporate disclosure statement filed by Respondent X Corp. in this action. *See* ECF No. 36-3 (the "Disclosure Statement").

Social media platforms like X play host to "the modern public square," providing "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard." *Packingham v. North Carolina*, 582 U.S. 98, 107 (2017). But as private actors with First Amendment rights of their own, the platforms also make "expressive choices" about "which third-party content [their] feeds will display, or how the display will be ordered and organized." *Moody v. NetChoice, LLC*, No. 22-277 (U.S. July 1, 2024), slip op. at 26. And when ownership of a platform passes from one set of hands to another, some messages may win out over others. *See* Will Oremus et al., *A Year Later, Musk's X Is Tilting Right. And Sinking*, Wash. Post (Oct. 27, 2023), https://perma.cc/5QVF-WU7J (noting that Elon Musk "has led Twitter in an explicitly political direction" since purchasing the platform).

X Corp. "is wholly owned by X Holdings Corp." Resp'ts' Supp. Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 at 1 (ECF No. 36-3) (the "Disclosure Statement"). In this action, consistent with Civil Local Rule 3-15, this Court ordered X Corp. to disclose the owners or stakeholders of

X Holdings Corp. in order to identify individuals or entities with "a financial interest of any kind in the subject matter in controversy."  Order (ECF No. 35) (quoting L.R. 3-15).  But on the basis of threadbare gestures at its business interests, X Corp. filed that information entirely under seal.  *See* Disclosure Statement at 1–5.  The First Amendment and common law rights of access to judicial records demand far greater transparency.  Even in a run-of-the-mill case, disclosure statements—because they speak to the possible existence of conflicts of interest—touch on "matters of utmost public concern" at the heart of the public's right to supervise the judicial process. *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 n.3 (S.D. Ga. 2016) (quoting *United States v. Bradley*, No. 405CR059, 2007 WL 1703232, at *1 (S.D. Ga. June 11, 2007)).  Here, where that judicial record further implicates the public's ability to understand the financial interests that manage expression in "the modern public square," *Packingham*, 582 U.S. at 107, the case for sunlight is at its apex.

For the reasons set forth herein, Mr. Silverman respectfully urges this Court to grant his motion to intervene and direct that the Disclosure Statement be unsealed.

## FACTUAL BACKGROUND

Mr. Silverman is a journalist, a contributing editor for *The Baffler* and *The New Republic*, and the author of several books about the technology industry.  *See* Ben McKenzie & Jacob Silverman, *Easy Money: Cryptocurrency, Casino Capitalism, and the Golden Age of Fraud* (2023); Jacob Silverman, *Terms of Service: Social Media and the Price of Constant Connection* (2015).  He has written repeatedly on Elon

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE 2

ER-28

Musk's purchase of Twitter in particular, *see, e.g.*, Jacob Silverman, *Musk of the Spheres*, The Baffler (July 2022), https://perma.cc/7FGT-HELV, and is currently writing a book on the growing influence of conservative politics in Silicon Valley.

X Corp., for its part, owns and operates X (formerly Twitter): one of the world's most influential platforms, "[a] site that fueled social movements such as the Arab Spring, Black Lives Matter and #MeToo."  Oremus et al., *supra*, "Until October 2022, X (then known as Twitter) was a publicly traded company," but "[it] was taken private by billionaire entrepreneur Elon Musk toward the end of that month, and its name was subsequently changed to X in March 2023."  Matthew Frankel, *Who Owns X (Formerly Twitter)?*, The Motley Fool (Mar. 21, 2024), https://perma.cc/HG8U-RY4X.  As Musk has described it, he purchased the platform because the previous leadership's decisions about which content to host were "having a corrosive effect on civilization."  Rohan Goswami, *Elon Musk Told Joe Rogan He Bought Twitter to Stop 'Extinctionist' Mind Virus*, CNBC (Nov. 2, 2023), https://perma.cc/R36G-2W3B.  Musk was backed in the transaction by a range of prominent figures, from Silicon Valley investors to foreign sovereigns, many of whom publicly confirmed their ownership stakes in the company.  *See* Hamza Shaban & Faiz Siddiqui, *Here's Who Helped Elon Musk Buy Twitter*, Wash. Post (Dec. 24, 2022), https://perma.cc/8UHJ-J546.  On April 4, 2023, in filings in unrelated litigation, the platform disclosed that Twitter, Inc., had been merged into X Corp., and that X Corp., in turn, is wholly owned by a holding company named X Holdings Corp.  *See* Low

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB
SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE 3

De Wei & Marika Katanuma, *Twitter Company 'No Longer Exists'; It's Now Part of Musk's X Corp.*, L.A. Times (Apr. 11, 2023), https://perma.cc/82SC-S7AP.

In this matter, Petitioners—former Twitter employees who were terminated after Musk purchased it—originally brought a petition in California state court alleging that Respondents had violated their arbitration agreements with Petitioners by failing to pay certain arbitration-related fees. *See* Order Remanding Action to State Court at 1–2 (ECF No. 41). In response, Respondents removed the action to this Court. *See id.* at 2. In connection with that removal, Respondents filed a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 3-15 that stated that "X Corp. is wholly owned by X Holdings Corp." and that "[n]o publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock," but did not otherwise identify the individuals or entities with a financial interest at stake in this case. Resp'ts' Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 at 1 (ECF No. 4).

On May 11, 2023, Petitioners moved this Court for an order requiring Respondents to supplement their disclosure statement, pointing out that Respondents' failure to disclose the owners of X Holdings Corp. failed to comply with Local Rule 3-15's requirement that a statement disclose any individuals or entities with "a financial interest of any kind in the subject matter in controversy or in a party to the proceeding." Pet'rs.' Civ. L.R. 7.1 Administrative Relief Motion at 1 (quoting L.R. 3-15). This Court granted that motion on June 6, 2023. *See* Order (ECF No. 35).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB
SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE 4

ER-30

On June 9, Respondents filed a supplemental disclosure statement that redacted in their entirety the names of the individuals or entities with an ownership interest in X Holdings Corp., *see* Disclosure Statement at 1–5, seeking leave to maintain that information under seal, *see* Resp'ts' Admin. Mot. to Seal at 1–6 (ECF No. 36). Petitioners opposed sealing, objecting, in particular, that Respondents "refused to provide Petitioners' counsel with a copy of the document." Pet'rs' Mem. of Law in Opp'n to Mot. to Seal at 1 (ECF No. 37). After Respondents clarified that they would be willing to provide Petitioners—but not the public—with the information at issue, *see* Reply in Support of Resp'ts.' Admin. Mot. to Seal at 1 (ECF No. 38), this Court granted Respondents' motion in a summary order, *see* Order at 1 (ECF No. 39).

To vindicate the strong public interests at stake in public access to the Disclosure Statement—including not just the public's right to monitor the handling of these judicial proceedings but also its ability to understand the ownership of "the modern public square," *Packingham*, 582 U.S. at 107—Mr. Silverman seeks to intervene in this matter for the limited purpose of unsealing the Disclosure Statement.

## ARGUMENT

## I.    The motion to intervene should be granted.

The Ninth Circuit has made clear that "[n]onparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1100 (9th Cir. 1999); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE 5

ER-31

1992) (intervention granted to seek modification of protective order). The question of public access provides the "common question of law or fact" that Rule 24(b)(1) requires, *see San Jose Mercury News*, 187 F.3d at 1100, and such a motion is timely even if filed "years" after the records were sealed "where an intervenor is pressing the public's right of access to judicial records." *Id.* at 1101; *accord* L.R. 79-5(g)(3) (emphasizing that "non-parties may, at any time, file a motion" to unseal). Mr. Silverman's motion to intervene should therefore be granted under Rule 24(b)(1).

Mr. Silverman is also entitled to intervene as of right. A journalist or "a news agency has a legal interest in challenging a confidentiality order" that satisfies Rule 24(a)'s need for "an interest relating to the property or transaction that is the subject of the underlying action." *Ford v. City of Huntsville*, 242 F.3d 235, 240 (5th Cir. 2001). That interest is not "adequately protected by the parties." *San Jose Mercury News*, 187 F.3d at 1101; *see also BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) ("Most litigants have no incentive to protect the public's right of access.").[1] And, as already explained above, intervention is timely.

Through either lens, because "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion" when public access is at stake, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609

---

[1]    Though Petitioners initially opposed Respondents' motion to seal when they understood it to be "actually seeking *in camera* review," Pet'rs' Mem. of Law in Opp'n to Mot. to Seal at 1 (ECF No. 37), the docket leaves unclear whether Petitioners continued to object after Respondents clarified that they would in fact be willing to provide Petitioners' counsel with the unredacted Disclosure Statement, *see* Reply in Supp. of Resp'ts' Admin. Mot. to Seal at 1 (ECF No. 38).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NON-PARTY JACOB SILVERMAN TO INTERVENE AND UNSEAL JUDICIAL RECORDS — CASE NO. 3:23-cv-02217-SI – PAGE 6

n.25 (1982) (citation and internal quotation marks omitted), Mr. Silverman's motion to intervene should be granted.

## II.     The Disclosure Statement should be unsealed.

Respondents have not justified—and cannot justify—keeping the contents of the Disclosure Statement secret.  In federal litigation, corporate disclosure statements are almost invariably available to the public:  Their relevance to evaluating conflicts of interest implicates "matters of utmost public concern," *Steel Erectors, Inc.*, 312 F.R.D. at 675 n.3 (internal citation omitted), and no countervailing interests favor secrecy because "the public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute a clearly defined and serious injury" that would justify abridging the public's understanding of the judicial process, *Darton Archery, LLC v. Bowtech, LLC*, No. 23-cv-140, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023).  The First Amendment and common law require the same result here, where the heightened public interest in understanding the financial interests that shape free expression on one of the world's most widely used platforms is at stake.

### A.     The First Amendment and common law presumptions of public access attach to Rule 7.1 corporate disclosure statements.

"The law recognizes two qualified rights of access to judicial proceedings and records, a common law right 'to inspect and copy public records and documents, including judicial records and documents,' . . . and a 'First Amendment right of access'" to certain judicial proceedings and documents. *United States v. Bus. of*

*Custer Battlefield Museum & Store*, 658 F.3d 1188, 1192 (9th Cir. 2011) (first quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), then quoting *Press-Enter. Co. v. Superior Court* (*Press-Enterprise II*), 478 U.S. 1, 8 (1986)).  Both the First Amendment and common law presumptions of access attach to corporate disclosure statements.

In determining whether the First Amendment presumption attaches to a class of records, courts look to the complementary and related considerations of "experience and logic"—that is, "whether the place and process have historically been open to the press and general public" and "whether public access plays a significant positive role in the functioning of the particular process in question."  *Press-Enterprise II*, 478 U.S. at 8, 9.  Applying that framework, other federal courts have readily concluded that the constitutional presumption of access attaches to disclosure statements.  *See Steel Erectors, Inc.*, 312 F.R.D. at 675.  As to experience, public access to such statements has been the historical rule and any degree of secrecy a "narrow exception."  *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, No. 3:22-cv-00237, 2023 WL 4711158, at *3 (W.D. Pa. July 24, 2023); *see also, e.g.*, *Manssor v. NRRM, LLC*, No. 23-cv-00236, 2023 WL 4093413, at *2 (W.D. Tex. June 20, 2023) (corporate disclosure statements can be sealed only in "limited circumstances").

Logic points in the same direction.  "[T]he corporate disclosure form is required so that the court can evaluate issues of jurisdiction and recusal—issues that are central to the performance of the judicial function and useful in the judicial

process." *Mayer v. Patriot Pickle Inc.*, No. 23-CV-1299, 2024 WL 162881, at \*5 (W.D.N.Y. Jan. 16, 2024) (internal citation omitted).  Because of their relationship to judicial integrity, such disclosures implicate "matters of utmost public concern" at the heart of the public's right to supervise and understand the judicial process.  *Steel Erectors, Inc.*, 312 F.R.D. at 675 n.3 (internal citation omitted); *see also Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co.*, 404 F. Supp. 3d 486, 512 n.16 (D. Mass. 2018) (judicial records that implicate recusal "relat[e] to respect for the legal system" and therefore trigger "the presumption of a public right to court records").  As the U.S. Court of Appeals for the First Circuit recently observed in the related context of pseudonymity, obscuring the true parties-in-interest in a proceeding "dims the public's perception of the matter and frustrates its oversight of judicial performance;" impedes press and public scrutiny of "judicial conflicts of interest" or "ex parte contacts;" and ultimately undermines the public's ability to judge "whether justice was done." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 68 (1st Cir. 2022).  Both experience and logic,[2] then, make clear that the First Amendment presumption of access to judicial records attaches to corporate disclosure statements in particular.

---

[2]    As the Ninth Circuit has explained, either consideration standing alone can ground a presumption of access to a particular class of judicial records: "Where access has traditionally been granted to the public without serious adverse consequences, logic necessarily follows," *In re Copley Press*, 518 F.3d 1022, 1026 n.2 (9th Cir. 2008),  but "even without an unbroken history of public access, the First Amendment right" will attach "if public scrutiny would benefit the proceedings." *Id.* (internal citation and quotation marks omitted).  This case is especially straightforward, though, because both complementary considerations support a constitutional presumption of public access.

1    The common law both reinforces that conclusion and affords a separate basis

2  for presuming public access to disclosure statements.  The common law guarantees "a

3  strong presumption in favor of access to court records," *Foltz v. State Farm Mut.*

4  *Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), one that attaches to any judicial

5  record "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v.*

6

7  *Chrysler Group*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Corporate disclosure

8  statements easily clear that bar because of their necessity, as discussed above, to

9  "evaluat[ing] issues of jurisdiction and recusal—issues that are central to the

10  performance of the judicial function and useful in the judicial process."  *Mayer*, 2024

11

12  WL 162881 at *5 (internal citation omitted).  It is no wonder, then, that a raft of

13  courts have recognized a common law presumption of access to such statements.[3]

14

15    In sum, whether under the First Amendment or common law, the clear weight

16  of authority makes clear that the press and public have a presumptive right of access

17

18  to the disclosure statement that Respondents filed with the Court in this proceeding.

19

20

21

22  [3]    *See, e.g.*, *Wilkins v. Tory Burch, LLC*, No. 4:23-cv-422, 2023 WL 3600084, at *1–2 (E.D. Mo. May 23, 2023);  *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, No. 2:23-cv-81, 2023 WL 2435806, at *1–2 (M.D. Fla. Feb. 16, 2023); *Carlyle v. Cicatello*, No. 1:22-CV-61, 2022 WL 21794410, at *1 (M.D. Ga. Nov. 28, 2022); *WSOU Invs., LLC v. Salesforce, Inc.*, No. 6:20-cv-1163, 2023 WL 2213200, at *2 (D. Del. Feb. 24, 2023); *Darton Archery, LLC*, 2023 WL 2755760, at *1.  The lone exception of which Mr. Silverman is aware, *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932, 2014 WL 5687730, at *2 (D. Nev. Nov. 4, 2014), was decided on the ground that corporate disclosure statements are "non-dispositive," *id.*—but the Ninth Circuit has since rejected the suggestion that the common law presumption of public access turns on whether a judicial record is literally "dispositive" in favor of the "more than tangentially related to the merits" test, *Ctr. for Auto Safety*, 809 F.3d at 1101.  *Best Odds* is therefore no longer good law.

23

24

25

26

27

28

**B.     Neither the First Amendment nor the common law presumption of public access is overcome with respect to the Disclosure Statement.**

Where the First Amendment presumption attaches to a judicial record, it may be overcome only if—and only to the extent that—"(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1466 (9th Cir. 1990).  A party can only overcome the "strong" common law presumption, for its part, by demonstrating "compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted).  In either analysis, blanket secrecy is disfavored because tailored redactions offer a less-restrictive alternative.  *See id.* at 1183–85; *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1093 (9th Cir. 2014).  Here, where the Disclosure Statement implicates both the "public interest in disclosure of companies with whom a federal judge may have a conflict of interest," *Steel Erectors, Inc.*, 312 F.R.D. at 675, and the public's ability to understand the ownership of "the modern the public square," *Packingham*, 582 U.S. at 107, no showing Respondents might attempt could justify sealing the Disclosure Statement.

For one, as any number of courts have held in this same posture, "[p]ublic disclosure that an individual has an ownership interest in an entity created by a state

cannot be said to constitute an injury.  Corporations and LLCs may offer individuals protection from liability, but they don't entitle individuals to anonymity in court proceedings." *WSOU Investments*, 2023 WL 2213200, at *2.[4]   And it makes no difference whether the individuals or entities at issue invested in X Holdings Corp. "with a commitment from [Respondents] to maintain the privacy of their personal information," because Respondents "purposefully commenced this action" in this Court by opting to remove it.  *Driver Opportunity Partners I*, 2023 WL 41158, at *3; *see also Wiens Cap. Mgmt.*, 2023 WL 2435806, at *2 (denying motion to seal disclosure statement because parties "who chose to initiate suit in federal court . . . had to have known" that the information's public filing would be required).

The keen public interest in the information in question only underlines that Respondents cannot justify secrecy here.  The possible influence of a social media platform's ownership on its content and privacy practices is a subject of recurring— and legitimate—public controversy, as Musk's own explanations for acquiring Twitter highlight.  *See* Goswami, *supra*.  Only a few months ago, Congress adopted new legislation to ratchet up regulatory scrutiny of platforms controlled by "foreign adversaries," Protecting Americans from Foreign Adversary Controlled Applications Act, Pub. L. No. 118-50 (Apr. 24, 2024), and the President and members of Congress have raised similar concerns over the degree of control major foreign investors may

---

[4]     *Accord Mayer*, 2024 WL 162881, at *4; *Darton Archery, LLC*, 2023 WL 2755760, at *1; *Wiens Cap. Mgmt.*, 2023 WL 2435806, at *1–2; *Manssor*, 2023 WL 4093413, at *2; *Driver Opportunity Partners I*, 2023 WL 4711158, at *3; *Carlyle*, 2022 WL 21794410, at *1.

have over X Corp., *see* Faiz Siddiqui et al., *U.S. Exploring Whether It Has Authority to Review Musk's Twitter Deal*, Wash. Post (Nov. 1, 2022), https://perma.cc/4NYC-ETFS; Rebecca Kern, *Musk's Foreign Investors In Twitter Are 'Worthy' of Review, Biden Says*, POLITICO (Nov. 9, 2022),  https://bit.ly/3RFfp9Q.  The public involvement of the Kingdom of Saudi Arabia's Prince Alaweed bin Talal al Saud, *see* Shaban & Siddiqui, *supra*, has drawn special scrutiny because of the Kingdom's history of infiltrating Twitter to collect sensitive information on dissidents, *see* Patrice Taddonio, *How Saudi Arabia Weaponized Twitter to Target MBS Critics*, PBS (Nov. 7, 2019), https://perma.cc/W274-JPTK.  But any number of journalists and news organizations have raised broader concerns about the possibility that X Corp.'s financial interests have influenced its greater willingness, since Musk's purchase of the platform, to remove content at the request of authoritarian governments.  *See* María Antonia Sánchez-Vallejo, *Under Elon Musk, Twitter Has Approved 83% of Censorship Requests by Authoritarian Governments*, El País (May 24, 2023), https://perma.cc/PQJ8-CLFA.  Whether those apprehensions are well-founded or not, the public has an obvious interest in understanding who controls the companies operating "perhaps the most powerful mechanisms available to a private citizen to make his or her voice heard." *Packingham*, 582 U.S. at 107.

Taken together, the balance of interests tips dramatically in favor of access. Respondents have only ever offered conclusory assertions that disclosure of its ownership information—apparently unlike disclosure of the ownership information of

the legions of other corporate entities that litigate daily, in sunlight, in the federal courts—would cause unspecified harm to its business.  Whether under the First Amendment or the common law, the Disclosure Statement must be unsealed.

## CONCLUSION

For the foregoing reasons, Mr. Silverman respectfully requests that the Court grant his motion to intervene and enter an order unsealing the Disclosure Statement.

Dated: July 3, 2024

s/ *Katie Townsend*
Katie Townsend
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS

*Counsel for Non-Party Intervenor*
JACOB SILVERMAN

1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  eric.meckley@morganlewis.com
   Brian D. Berry, Bar No. 229893
3  brian.berry@morganlewis.com
   Kassia Stephenson, Bar No. 336175
4  kassia.stephenson@morganlewis.com
   One Market, Spear Street Tower
5  San Francisco, CA  94105-1596
   Tel:    +1.415.442.1000
6  Fax:    +1.415.442.1001

7  MORGAN, LEWIS & BOCKIUS LLP
   Ashlee N. Cherry, Bar No. 312731
8  ashlee.cherry@morganlewis.com
   1400 Page Mill Road
9  Palo Alto, CA  94304
   Tel:    +1.650.843.4000
10 Fax:    +1.650.843.4001

11 Attorneys for Respondents
   TWITTER, INC.; X HOLDINGS I, INC.;
12 X HOLDINGS CORP.; X CORP.; ELON MUSK

13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17 SARAH ANOKE, CATHERINE BONN,          Case No. 3:23-cv-02217-SI
   ISABELLE CANNELL, MELANIE EUSEBIO,
18 SAMANTHA FESTEJO, CARLOS MOISES       **REPLY IN SUPPORT OF**
   ORTIZ GOMEZ, DAWN HOISE, WAYNE        **RESPONDENTS' ADMINISTRATIVE**
19 KRUG, LAURENT LUCE, PATRICK           **MOTION TO FILE UNDER SEAL**
   O'CONNELL, JENNIFER RYAN, JAIME
20 SENA, JAMES SHOBE, KARYN
   THOMPSON, AND CRISTIAN ZAPATA,
21
22                 Petitioners,
23        v.
24 TWITTER, INC., X HOLDINGS I, INC., X
   HOLDINGS, CORP, X CORP, AND ELON
25 MUSK,
                   Respondents.
26

27

28

REPLY ISO RESPONDENTS' ADMIN
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

1       Respondents X Holdings Corp., on its own behalf and as successor in interest to named

2   Respondent X Holdings I, Inc. ("X Holdings"), X Corp., on its own behalf and as successor in

3   interest to named Respondent Twitter, Inc. ("Twitter"), and Elon Musk ("Respondents") submit

4   this brief Reply in response to Petitioners' Opposition to Respondents' Administrative Motion to

5   Seal to reiterate and clarify the relief sought in the Administrative Motion.

6       Respondents do not seek an *in camera* review of the Supplemental Corporate Disclosure

7   Statement (the "Statement").  Rather, Respondents are willing to provide the unredacted

8   Statement to Petitioners' counsel, subject to and conditioned upon Petitioners and their counsel

9   being bound not to disclose to any other persons or otherwise make public any of the

10  substance/contents of the unredacted Statement.  For obvious reasons, the entire purpose of the

11  Administrative Motion to Seal would be defeated if Petitioners and their counsel had the

12  opportunity to disclose and make public the unredacted Statement.  As a result and to clarify the

13  requested relief, Respondents' Motion for Administrative Relief seeks to seal from the public

14  record the redacted portion of the Statement.  The unredacted Statement may be shared with

15  Petitioners' counsel subject to Petitioners' counsel and their clients being bound to maintain the

16  confidentiality of the Statement.

17  Dated: June 12, 2023                    MORGAN, LEWIS & BOCKIUS LLP

18

19                                          By   */s/ Eric Meckley*

20                                              Eric Meckley
                                                Brian D. Berry
21                                              Ashlee N. Cherry
                                                Kassia Stephenson

22                                              Attorneys for Respondents
                                                TWITTER, INC.; X HOLDINGS I, INC.;
23                                              X HOLDINGS CORP.; X CORP.; ELON MUSK

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

REPLY ISO RESPONDENTS' ADMIN
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Akiva M. Cohen (admitted *pro hac vice*)
Kamerman, Uncyk, Soniker & Klein P.C.
acohen@kusklaw.com
1700 Broadway, 16th Floor
New York, New York 10019

Attorneys for Petitioners

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOSIE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, <br><br> Petitioners, <br><br> vs. <br><br> TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS CORP, X CORP, AND ELON MUSK, <br><br> Respondents. | Case No.: 3:23-cv-02217-SI <br><br> **PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO SEAL** |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................1

ARGUMENT ......................................................................................................................1

    I.    Respondents Fail to Comply With the Rules of Their Chosen Forum ...................................1

    II.   The Covert Attempt To Seek In Camera Review Lacks Any Articulated Basis...................2

    III. Respondents Cannot Show Compelling Reasons or Good Cause to Seal ...........................3

CONCLUSION....................................................................................................................5

i

**INTRODUCTION**

Although Respondents present their June 9, 2023 Administrative Motion To File Under Seal, D.I. 36 ("the Motion") to the Court as a motion to seal, they fail to inform the Court that they have refused to provide Petitioners' counsel with a copy of the document, and are thus actually seeking *in camera* review. Respondents refused to respond to Petitioners' requests to provide either the document or any justification for their conduct for nearly 36 hours. Declaration of Akiva M. Cohen ("Cohen Dec.") ¶¶ 2-3, Ex. 1. When they finally responded late Sunday night, their response was to demand that Petitioners' counsel have the meet and confer this Court's rules required them to hold ***before*** making the Motion and explain, by the start of business Monday, why Respondents need to provide Petitioners' counsel with a document Respondents already served on the Court. *Id*.[1]

**ARGUMENT**

There are multiple reasons the motion should be denied.

*I. Respondents Fail to Comply With the Rules of Their Chosen Forum*

Respondents, not Petitioners, elected to proceed in this Court.[2] Despite selecting this forum, the Motion repeatedly fails to abide by its rules. It does not provide the stipulation or declaration explaining why a stipulation could not be obtained as required by L.R. 7-11.[3] And given Respondents' failure to provide Petitioners with notice of this Motion, much less meet-and-confer, they have not fulfilled L.R. 79-5.a's requirement to explore all reasonable alternatives. Respondents' failures here are particularly glaring, given the rule's requirement that

---

[1] With apologies to the Court, Petitioners could not indulge the novel request for a post-Motion meet and confer on whether the Motion was necessary at all, for the same reason that the Court has rules requiring such meet-and-confers in the first instance. Petitioners (and their counsel) will be engaged in complex litigation with Respondents (and their counsel), apparently for some time. That litigation can only be efficiently conducted if Respondents' counsel are willing to abide by the rules of the relevant jurisdictions and their professional obligations. Respondents filed a late-Friday night administrative motion and *ex parte* submission to the Court, with a Tuesday deadline for opposition, requiring Petitioners' counsel to work to respond in the face of Respondents' silence. Re-working in the face of a post-hoc meet-and-confer would be, to put it mildly, inefficient and prejudicial. Petitioners cannot afford to encourage or reward that behavior.

[2] Petitioners are, as the Court is aware, seeking remand. D.I. 24.

[3] Indeed, Respondents never asked for one.

1

OPPOSITION TO MOTION TO SEAL
CASE NO. 3:23-cv-02217-SI

they redact only "the truly sensitive information." *Id*. Multiple investors have publicly stated that they have an ownership interest in X Holdings. *See* Cohen Dec. at Ex. 2. Yet the document seeks to seal the identity of ***every*** person with an ownership interest – including, apparently, Elon Musk himself. The failure to abide by local rules is sufficient reason to deny a motion. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012). The Motion should be denied on these grounds alone. *See also* Rule 79-5(f)(6).

### II. The Covert Attempt To Seek In Camera Review Lacks Any Articulated Basis

This is a deliberately concealed Motion for *in camera* review. Respondents provided the Court, but not Petitioners' counsel, with the unredacted Supplemental Disclosures. And, as the final email from Respondents' counsel demonstrates, Respondents are refusing to provide this already-filed document to Petitioners' counsel unless Petitioners' counsel provide a justification Respondents' lawyers deem satisfactory.[4] Cohen Dec. Ex. 1. Yet Respondents have not provided, let alone argued, a legal standard for an *in camera* review. *See, e.g.*, *Santos v. Reverse Mortg. Sols., Inc.*, 2012 WL 4891597, at *6 (N.D. Cal. Oct. 12, 2012) (denying summary judgment where standard was not addressed and no effort was made to apply standard).

The closest the Motion comes to an argument for an *in camera* review is their reliance on *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14–cv–00932, 2014 WL 5687730 (D. Nev. 2014). But there, the moving party informed the court that it was seeking *in camera* review, candidly admitted that *in camera* review of a corporate disclosure statement was novel, and made an explicit showing that the plaintiff had filed the case with the improper purpose of seeking the very information contained in the disclosure.[5] Respondents do none of that. They provide no reason that the material should be withheld from Petitioners – merely declaring that "the Court

---

[4] Respondents are unaware of any authority that would suggest that it is Respondents' burden to affirmatively justify why they should receive a copy of a document that has been filed with the Court, which contains information for the Court's review. Indeed, as parties Petitioners would be entitled to review a sealed document even if the Court granted the Motion.

[5] *See* the Motion For Leave To File Certificate Of Interested Parties For In Camera Review Only in *Best Odds Corp. v. iBus Media Ltd*, D. Nev. Case No. 2:14-cv-00932-RCJ-VCF, Dkt. No. 12, which is annexed for the Court's convenience as Ex. 3 to the Cohen Dec. Here, of course, *Respondents* made this disclosure necessary when they chose to bring the case to this forum.

2.

OPPOSITION TO MOTION TO SEAL
CASE NO. 3:23-cv-02217-SI

1   should not indulge Petitioner's efforts to obtain information to which they are not entitled." D.I.

2   36 at 4. That unsupported assertion falls far short of demonstrating cause to withhold

3   information. To the extent that this is a Motion for *In Camera* Review, it should be denied.

4   ### III. Respondents Cannot Show Compelling Reasons or Good Cause to Seal

5          Finally, Respondents efforts to seal should fail. Respondents' statement that "no

6   legitimate purpose is served by any public-facing filing" of the material is incorrect. The "strong

7   preference for public access" to inspect judicial records is not merely a legitimate purpose, it is

8   the baseline presumption. That presumption may be rebutted only through a showing of

9   "compelling reasons," or "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d

10  1092, 1096-97 (9th Cir. 2016).

11         Respondent argues that the "good cause" standard applies because the Motion is "non-

12  dispositive." D.I. 36 at 2. But "dispositive" and "non-dispositive" are not "mechanical

13  classifications." *Ctr. For Auto Safety,* 809 F.3d at 1098. Given the "public interest in disclosure

14  of companies with whom a federal judge may have a conflict of interest," *Steel Erectors, Inc. v.*

15  *AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 (S.D. Ga. 2016) (denying motion to seal disclosure

16  statement), and the public's first amendment right to such information, *Courthouse News Serv. v.*

17  *Planet*, 750 F.3d 776, 785 (9th Cir. 2014) ("access to public proceedings and records is an

18  indispensable predicate to free expression about the workings of government"), the "compelling

19  reasons" standard should apply.[6] Respondents do not attempt to meet this standard, and the

20  Motion should be denied.

21         Even if the "good cause standard" applies, Respondents still fail. A showing of "specific

22  prejudice or harm" is required; "[b]road allegations of harm, unsubstantiated by specific

23  examples or articulated reasoning," are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966

24

---

25  [6] In *Kemper Holdings LLC v. Am. Int'l Grp.*, 2020 U.S. Dist. LEXIS 242073 (W.D. Wash., Dec. 23, 2020), the Court
26  denied a stipulated motion to seal corporate disclosure because general allegation that members "will be subjected to
    unnecessary attention and annoyance" were not a specific concern. The court there applied, without analysis, the
27  "good cause" standard, but found that the "the strong presumption of access" was not overcome in light of "the
    public's right to evaluate whether conflicts exist," suggesting a heightened level of review.

3.

OPPOSITION TO MOTION TO SEAL
CASE NO. 3:23-cv-02217-SI

F.2d 470, 476 (9th Cir. 1992). The Declaration of Dhruv Batura In Support of Respondents' Administrative Motion To File Under Seal, D.I. 36-1 ("Batura Declaration") makes blanket allegations, stating that there is an expectation of privacy, and that "disclosure…violates this expectation of privacy." D.I. 36-1 at ¶ 3. *C.f. Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) (denying motion to seal Rule 7.1 disclosure in face of claimed privacy expectation because party that chose federal forum "had to have known" the rule required disclosure). The Declaration states that X Holdings "is contractually bound" to keep the information confidential "in certain cases," *id.*, but does not identify which cases, which contracts, or explain why this mandates sealing *every* name. Indeed, the mere fact that some investors have publicly announced their investments, *see* Cohen Dec. Ex. 2, and that others have been reported on, *see* Shabban & Siddiqi, *Here's Who Helped Elon Musk Buy Twitter*, Washington Post (Dec. 24, 2022), all without apparent negative consequence, renders the attempt to redact every (or any) name frivolous.

The Batura Declaration also makes sweeping assertions that disclosure "potentially could" cause unspecified harm to X Holdings' "competitive position," by allowing "current or prospective business partners or counterparties to take unfair advantage" of Respondents. *Id.* at ¶ 4. And the Declaration makes a conclusory statement that disclosure would be "injurious." *Id.* at ¶ 5; *but see WSOU Invs., LLC v. Salesforce, Inc.*, 2023 WL 2213200, at *2 (D. Del. Feb. 24, 2023) ("Public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute an injury."). Respondent has provided no "specific demonstrations of fact," but only "broad, conclusory allegations of potential harm." *Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.,* 2020 WL 8513113, at *1 (S.D. Cal. Dec. 16, 2020).

In fact, Courts have repeatedly rejected attempts to seal disclosure statements, even when the motion is unopposed, in the absence of specific, nonconclusory showings of harm. *See, e.g.*, *Wilkins v. Tory Burch, LLC*, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (rejecting unopposed motion and collecting cases). Respondents have presented nothing but conclusory allegations of harm, and certainly nothing that would overcome this practice. They have not

4.

1    shown good cause, and their motion should be denied.

2                                **<u>CONCLUSION</u>**

3          The Motion should be denied. If it is a Motion For In Camera Review, Respondents have

4    failed to provide or argue any legal standard, and have provided no argument showing a reason

5    to withhold from Petitioners information that they have provided to the Court. If it is a Motion to

6    Seal, it fails to adequately show either "compelling reasons" or "good cause" to overcome the

7    presumption of public access. In either case, Plaintiffs respectfully request that this Court deny

8    Respondents' Motion for Administrative Relief.

9

10         Dated:          June 12, 2023

11                                                By:   */s/ Akiva M. Cohen*

12                                                Akiva M. Cohen
                                                  KAMERMAN, UNCYK, SONIKER &
13                                                     KLEIN P.C.
                                                  1700 Broadway, 16th Floor
14                                                New York, New York 10019
                                                  acohen@kusklaw.com
15
                                                  Ethan Jacobs
16                                                ETHAN JACOBS LAW CORPORATION
                                                  100 Pine Street, Suite 1250
17                                                San Francisco, California 94111
                                                  ethan@ejacobslaw.com
18
19                                                *Attorneys for Petitioners*

20

21

22

23

24

25

26

27
                                        5.

1

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

17

18

19

20

21

22

23

24

25

26

27

28

| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, | Case No. 3:23-cv-02217-SI |
|---|---|
| Petitioners, | **RESPONDENTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | |
| TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK, | |
| Respondents. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

I.    **INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California, Respondents X Holdings Corp., on its own behalf and as successor in interest to named Respondent X Holdings I, Inc. ("X Holdings"), X Corp., on its own behalf and as successor in interest to named Respondent Twitter, Inc. ("Twitter"), and Elon Musk ("Respondents") hereby move the Court to issue an administrative order authorizing the filing under seal of Respondents' Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to Local Rule 3-15 ("Supplemental Corporate Disclosure Statement").

On June 6, 2023, the Court directed Respondents to file a supplemental corporate disclosure statement disclosing "who owns X Holdings Corporation because that person or persons have 'a financial interest of any kind in the subject matter in controversy.'"  ECF No. 35. In compliance with the Court's June 6 Order, Respondents have submitted concurrently herewith a Supplemental Corporate Disclosure Statement listing of all shareholders that have an ownership interest in the privately held corporation and named Respondent X Holdings.  However, because the identities of these owners constitute private and confidential business information that is not publicly available and the disclosure of which would result in injury, Respondents request that the Court authorize this filing under seal.  In accordance with the Court's Local Rules, a redacted version of the Supplemental Corporate Disclosure Statement has been filed in the public record. Because the sole purpose of the Corporate Disclosure Statement under Local Rule 3-15 is to allow the Judge to determine whether a conflict exists that would necessitate recusal, no legitimate purpose is served by any public-facing filing of this private and confidential information.

II.    **LEGAL STANDARD**

Courts apply a "strong presumption in favor of access" to court records.  *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  However, the presumption of access to court records can be overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive and private personal or business information.  *San Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Confidentiality protections are not limited to trade secrets.  *See*, *e.g.*, *Pintos v. Pacific Creditors*

2    *Assoc.*, 504 F.3d 792, 801 (9th Cir. 2007); *Hagestead v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.

3    1995); *see also* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting protection of "trade secrets" and other

4    "confidential commercial information.")  Nor are confidentiality protections limited to a

5    company's sensitive financial information, business forecasts, and intellectual property.  "In

6    deciding whether sufficient countervailing interests exist, the court will look to the public interest

7    in understanding the judicial process and whether disclosure of the material could result in

8    improper use . . ."  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

9          In addition, under Article I, section 1 of the California Constitution, persons have a

10    constitutional inalienable right to privacy.  This right to privacy includes the privacy of a person's

11    financial information, such as investments and financial holdings.  *See Valley Bank of Nevada v.*

12    *Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the

13    California Constitution and finding that courts "may safely assume that the right of privacy

14    extends to one's confidential financial affairs as well as to the details of one's personal life").  The

15    existence of an ownership share and/or interest in a private corporation clearly constitutes a

16    person's private financial information that is protected under the California Constitution.

17          Courts also draw an important distinction between the standard for the sealing of records

18    attached to dispositive motions versus non-dispositive motions.  *See*, *e.g.*, *Best Odds Corp. v.*

19    *iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014) (citing

20    *Kamakana*, 447 F.3d 1172 at 1180).  "This distinction is predicated on the fact that different

21    interests are at stake with dispositive and non-dispositive motions."  *Best Odds Corp.*, 2014 WL

22    5687730, at *2.  As a result, "[w]ith non-dispositive motions, ***private interests predominate***."  *Id.*

23    (emphasis added).  A request to seal records attached to non-dispositive motions "merely requires

24    satisfying Rule 26(c)" and a showing of "good cause," and the district court has "much flexibility

25    in balancing and protecting the interests of private parties" under this standard.  *Id.*  Indeed, "the

26    good cause standard may be satisfied by showing mere embarrassment, incrimination, or

27    exposure to undue litigation expenses."  *Id.* (citing Fed. R. Civ. P. 26(c)).

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

III.    **ARGUMENT**

The Court should grant Respondents' Motion for Administrative Relief to authorize the filing under seal of Respondents' Supplemental Corporate Disclosure Statement.  The Supplemental Corporate Disclosure Statement is not a motion, let alone a dispositive motion, but rather a document the sole purpose of which is for the assigned judge to consider whether any conflict exists that would require recusal.  Here, good cause exists to seal the portions of the filing that reveal the identifies of X Holdings' owners/shareholders due to the countervailing interests in maintaining the confidentiality of this sensitive confidential and private business information. The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations).  Batura Decl. ¶ 3. As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential.  *Id*. Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private.  *Id*. The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential.  *Id*.

Denying Respondents' request for sealing here will cause injury to the owners/shareholders whose identities would be disclosed in a public court filing, and to X Holdings by revealing its confidential business information.  The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests.  To that end, X Holdings has policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting access to certain non-public information, permitting access to documents and data on a need-to-know basis, and requiring employees to sign confidentiality agreements. Batura Decl. ¶ 4. The act of disclosing (and making public) financial information protected by a right of privacy itself constitutes an injury to owners' privacy interests.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

No less restrictive alternative exists to sealing this information that be sufficient to protect the interests at stake here.

The disclosure of X Holdings' shareholders to the Court *under seal* would fully comply with and promote the purposes underlying Rule 7.1 and Civil Local Rule 3-15.  Rule 7.1 of the Federal Rules of Civil Procedure serves to "support properly informed disqualification decisions" by the Court.  F.R.C.P. 7.1, Committee Notes on Rules – 2002.  Similarly, Civil Local Rule 3-15 is intended to aid the Court in determining whether any potential conflicts of interest exist that would lead the assigned Judge to recuse him or herself.  *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The Certification must disclose whether the party is aware of any conflict, financial or otherwise, that the presiding judge may have with the parties to the litigation.")  As a result, Respondents' filing of the Supplemental Corporate Disclosure Statement under seal to the Court and redacting the identities of X Holdings' shareholders/owners from the publicly filed document fully satisfies all competing interests – allowing the Court to determine whether a conflict exists while simultaneously safeguarding confidential and private business and financial information and preventing potential misuse of this information.  *See Best Odds Corp.*, 2014 WL 5687730, at *2 (granting the defendant's motion to file a redacted certificate of interested parties and noting that sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation abuses that will needlessly increase the cost of litigation.")

Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 do not serve Claimants' interests; rather, they serve the Court and its interests in avoiding potential conflicts of interest.  Respondents have made compliant disclosures that afford this Court the opportunity to assess whether any conflict of interest exists.  Petitioners should not be entitled to conduct impermissible discovery regarding Respondent X Holdings, and the Court should not indulge Petitioners' efforts to obtain information to which they are not entitled.

## IV.   **CONCLUSION**

For the foregoing reasons, Respondents respectfully move this Court to grant Respondents' Motion for Administrative Relief to keep sealed the Supplemental Corporate

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

1   Disclosure Statement.

2   Dated: June 9, 2023                    MORGAN, LEWIS & BOCKIUS LLP

3                                          By   */s/ Eric Meckley*

4                                               Eric Meckley
                                                Brian D. Berry
5                                               Ashlee N. Cherry
                                                Kassia Stephenson
6
                                                Attorneys for Respondents
7                                               TWITTER, INC.; X HOLDINGS I, INC.;
                                                X HOLDINGS CORP.; X CORP.; ELON MUSK
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

                                          5                  RESPONDENTS' ADMINISTRATIVE
                                                             MOTION TO FILE UNDER SEAL
                                                             Case No. 3:23-cv-02217-SI

1

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
eric.meckley@morganlewis.com
Brian D. Berry, Bar No. 229893
brian.berry@morganlewis.com
Kassia Stephenson, Bar No. 336175
kassia.stephenson@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

2

3

4

5

6

7

MORGAN, LEWIS & BOCKIUS LLP
Ashlee N. Cherry, Bar No. 312731
ashlee.cherry@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001

8

9

10

11

Attorneys for Respondents
TWITTER, INC.; X HOLDINGS I, INC.;
X HOLDINGS CORP.; X CORP.; ELON MUSK

12

13

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

17

18

19

20

21

| | |
|---|---|
| SARAH ANOKE, CATHERINE BONN, ISABELLE CANNELL, MELANIE EUSEBIO, SAMANTHA FESTEJO, CARLOS MOISES ORTIZ GOMEZ, DAWN HOISE, WAYNE KRUG, LAURENT LUCE, PATRICK O'CONNELL, JENNIFER RYAN, JAIME SENA, JAMES SHOBE, KARYN THOMPSON, AND CRISTIAN ZAPATA, | Case No. 3:23-cv-02217-SI **DECLARATION OF DHRUV BATURA IN SUPPORT OF RESPONDENTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| Petitioners, | |
| v. | |
| TWITTER, INC., X HOLDINGS I, INC., X HOLDINGS, CORP, X CORP, AND ELON MUSK, | |
| Respondents. | |

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF DHRUV BATURA
IN SUPPORT OF RESPONDENTS' ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

## DECLARATION OF DHRUV BATURA

I, Dhruv Batura, declare as follows

1.     I am currently Senior Director, Finance of X Corp., a wholly-owned subsidiary of X Holdings Corp. (hereinafter referred to as "X Holdings").  In my role, I have acquired personal knowledge of X Holding's owners/shareholders and X Holdings's policy relating to the confidentiality of its business and financial information, including the identities of its owners/shareholders. The facts set forth in this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge and/or information to which I have access.

2.     I submit this declaration in support of Respondents' Administrative Motion to File Under Seal filed in *Anoke et al. v. Twitter, Inc. et al.*, Case No. 3:23-cv-02217-SI.

3.     The owners/shareholders of X Holdings include various individual persons, private family and other trusts, and other private entities (such as funds, LLCs and corporations).  As a matter of routine practice and policy, X Holdings does not publish or make publicly available information regarding its owners/shareholders and treats such information as confidential. Individuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private.  The disclosure of such information violates this expectation of privacy. Also, in certain cases, X Holdings is contractually bound to keep such information confidential.

4.     The wholesale disclosure of information regarding its owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings' competitive position in the marketplace, allow current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests.  To that end, X Holdings has policies that prohibit employees from accessing information beyond what is reasonably necessary to perform their duties, limiting

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF DHRUV BATURA
IN SUPPORT OF RESPONDENTS'
ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

access to certain non-public information, permitting access to documents and data on a need-to-know basis, and requiring employees to sign confidentiality agreements.

5.      I understand that the Respondents' Administrative Motion to File Under Seal requests that the Court maintain information regarding the identities of X Holdings' owners/shareholders under seal.  This information is private and confidential, and the disclosure of such information would be injurious to the owners/shareholders for the reasons stated above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 9, 2023 in San Francisco, California.

_____
Dhruv Batura

2

DECLARATION OF DHRUV BATURA
IN SUPPORT OF RESPONDENTS'
ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 3:23-cv-02217-SI

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   eric.meckley@morganlewis.com
    Brian D. Berry, Bar No. 229893
3   brian.berry@morganlewis.com
    Kassia Stephenson, Bar No. 336175
4   kassia.stephenson@morganlewis.com
    One Market, Spear Street Tower
5   San Francisco, CA  94105-1596
    Tel:    +1.415.442.1000
6   Fax:   +1.415.442.1001

7   MORGAN, LEWIS & BOCKIUS LLP
    Ashlee N. Cherry, Bar No. 312731
8   ashlee.cherry@morganlewis.com
    1400 Page Mill Road
9   Palo Alto, CA  94304
    Tel:    +1.650.843.4000
10  Fax:   +1.650.843.4001

11  Attorneys for Respondents
    TWITTER, INC.; X HOLDINGS I, INC.; X
12  HOLDINGS CORP.; X CORP.; ELON MUSK

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15

16
    SARAH ANOKE, CATHERINE BONN,          Case No. 3:23-cv-02217
17  ISABELLE CANNELL, MELANIE EUSEBIO,
    SAMANTHA FESTEJO, CARLOS MOISES        **RESPONDENTS' RULE 7.1**
18  ORTIZ GOMEZ, DAWN HOISE, WAYNE         **CORPORATE DISCLOSURE**
    KRUG, LAURENT LUCE, PATRICK            **STATEMENT AND CERTIFICATION**
19  O'CONNELL, JENNIFER RYAN, JAIME        **PURSUANT TO LOCAL RULE 3-15**
    SENA, JAMES SHOBE, KARYN
20  THOMPSON, AND CRISTIAN ZAPATA,

21
                        Petitioners,
22
               v.
23
    TWITTER, INC., X HOLDINGS I, INC., X
24  HOLDINGS, CORP, X CORP, AND ELON
    MUSK,
25                      Respondents.

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

                                          RESPONDENTS' RULE 7.1 CORP
                                          DISCLOSURE STMT
                                          Case No. 3:23-cv-02217

1   Pursuant to Northern District of California Civil Local Rule 3-15 and Rule 7.1 of the

2   Federal Rules of Civil Procedure, Respondent X Corp. as successor in interest to named

3   Respondent Twitter, Inc., by and through its counsel, certifies that Twitter, Inc. has been merged

4   into X Corp. and no longer exists.  Respondent X Holdings Corp., as successor in interest to

5   named Respondent X Holdings I, Inc., by and through its counsel, certifies that X Holdings I, Inc.

6   has been merged into X Holdings Corp. and no longer exists.  X Corp. is wholly owned by X

7   Holdings Corp.  No publicly held corporation owns 10% or more of X Corp.'s or X Holdings

8   Corp.'s stock.

9   Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no

10  conflict or interest (other than the named parties) to report.

11  Dated: May 8, 2023                    MORGAN, LEWIS & BOCKIUS LLP

12                                         By   */s/ Eric Meckley*

13                                             Eric Meckley
                                               Brian D. Berry
14                                             Ashlee N. Cherry
                                               Kassia Stephenson
15                                             Attorneys for Respondents
                                               TWITTER, INC.; X HOLDINGS I, INC.; X
16                                             HOLDINGS CORP.; X CORP.; ELON MUSK

17

18  DB2/ 45098839.1

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2          RESPONDENTS' RULE 7.1 CORP
           DISCLOSURE STMT
           Case No. 3:23-cv-02217

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

Name of U.S. District Court: | Northern District of California

U.S. District Court case number: | 3:23-cv-02217-SI

Date case was first filed in U.S. District Court: | 05/05/2023

Date of judgment or order you are appealing: | 08/20/2024

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

● Yes     ○ No     ○ IFP was granted by U.S. District Court

---

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Twitter, Inc.; X Holdings I, Inc.; X Holdings Corp.; X Corp.; Elon Musk

Is this a cross-appeal?   ○ Yes   ● No

If Yes, what is the first appeal case number?

Was there a previous appeal in this case?   ○ Yes   ● No

If Yes, what is the prior appeal case number?

Your mailing address:

Morgan, Lewis & Bockius LLP

One Market, Spear Street Tower

City: | San Francisco     State: | CA     Zip Code: | 94105

Prisoner Inmate or A Number (if applicable):

**Signature** | /s/ Brian D. Berry     **Date** | Sep 19, 2024

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

---

Form 1                                                           *Rev. 12/01/2018*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

| |
|---|
| Twitter, Inc.; X Holdings I, Inc.; X Holdings Corp.; X Corp.; Elon Musk |

Name(s) of counsel (if any):

| |
|---|
| Morgan, Lewis & Bockius LLP <br> Eric Meckley <br> Brian D. Berry |

Address: | One Market, Spear Street Tower, San Francisco, CA 94105

Telephone number(s): | (415) 442-1000

Email(s): | eric.meckley@morganlewis.com; brian.berry@morganlewis.com

Is counsel registered for Electronic Filing in the 9th Circuit?   ⦿ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

| |
|---|
| Jacob Silverman |

Name(s) of counsel (if any):

| |
|---|
| Reporters Committee for Freedom of the Press <br> Katie Townsend |

Address: | 1156 15th Street NW, Suite 1020, Washington, D.C. 20005

Telephone number(s): | (202) 795-9300

Email(s): | ktownsend@rcfp.org

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 6                                    *1*                        *Rev. 12/01/2018*

**ER-62**

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

| |
|---|
| Twitter, Inc.; X Holdings I, Inc.; X Holdings Corp.; X Corp.; Elon Musk |

Name(s) of counsel (if any):

| |
|---|
| Morgan, Lewis & Bockius LLP: <br> Ashlee N. Cherry; Kassia Stephenson |

Address: | 1400 Page Mill Road, Palo Alto, CA 94304

Telephone number(s): | (650) 843-4000

Email(s): | ashlee.cherry@morganlewis.com;kassia.stephenson@morganlewis.com

Is counsel registered for Electronic Filing in the 9th Circuit?  ⦿ Yes  ◯ No

**Appellees**

Name(s) of party/parties:

| |
|---|
| Sarah Anoke; Catherine Bonn; Isabelle Cannell; Melanie Eusebio; Samantha Festejo; Dawn Hoise; Wayne Krug; Laurent Luce; Patrick O'Connell |

Name(s) of counsel (if any):

| |
|---|
| Ethan Jacobs Law Corporation: Ethan Jacobs <br> Kamerman, Uncyk, Soniker & Klein P.C.: Akiva M. Cohen |

Address: | Ethan Jacobs Law Corp., 100 Pine St., #1250, San Francisco, CA 94111

Telephone number(s): | (415) 275-0845

Email(s): | ethan@ejacobslaw.com

Name(s) of party/parties:

| |
|---|
| Carlos Moises Ortiz Gomez; Jennifer Ryan; Jaime Sena; James Shobe; Karyn Thompson; Cristian Zapata |

Name(s) of counsel (if any):

| |
|---|
| Ethan Jacobs Law Corporation: Ethan Jacobs <br> Kamerman, Uncyk, Soniker & Klein P.C.: Akiva M. Cohen |

Address: | Kamerman, Uncyk, Soniker, 1700 Broadway, 16th Fl., NY, NY 10019

Telephone number(s): | (646) 845-6085

Email(s): | acohen@kusklaw.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 6                          *2*                          *Rev. 12/01/2018*

ADRMOP,APPEAL,CLOSED

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:23–cv–02217–SI

Anoke et al v. Twitter, Inc. et al
Assigned to: Judge Susan Illston
Case in other court:  USCA, **24–05936**
                      San Francisco County Superior Court,
                      CPF–23–518034
Cause: 28:1331 Fed. Question

Date Filed: 05/05/2023
Date Terminated: 06/27/2023
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Petitioner**

**Sarah Anoke**        represented by  **Ethan Isaac Jacobs**
Ethan Jacobs Law Corporation
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 275–0845
Email: ethan@ejacobslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
Kamerman Uncyk Soniker & Klein, P.C.
1700 Broadway, 16th Floor
New York, NY 10019
(917) 742–6193
Fax: (866) 221–6122
Email: acohen@kusklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
Haygood Law Firm
620 N. Grant Avenue, Suite 913
Odessa, TX 79761
(432) 703–4822
Fax: (432) 225–1062
Email: lane@haygoodlawfirm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Catherine Bonn**      represented by  **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Isabelle Cannell**     represented by  **Ethan Isaac Jacobs**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Petitioner**</u>

**Melanie Eusebio**                    represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Petitioner**</u>

**Samantha Festejo**                    represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Petitioner**</u>

**Carlos Moises Ortiz Gomez**                    represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Petitioner**</u>

**ER-65**

**Dawn Hoise**                                    represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Wayne Krug**                                    represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Laurent Luce**                                  represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Patrick O'Connell**                             represented by   **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Jennifer Ryan**      represented by    **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Jaime Sena**      represented by    **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**James Shobe**      represented by    **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Karyn Thompson**      represented by    **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Petitioner**

**Cristian Zapata**                    represented by  **Ethan Isaac Jacobs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Akiva M. Cohen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Twitter, Inc.**                    represented by  **Eric Meckley**
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105–1596
(415) 442–1000
Fax: (415) 442–1001
Email: emeckley@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashlee Nicole Cherry**
Morgan, Lewis & Bockius LLP
1400 Page Mill Road
Palo Alto, CA 94304
(650) 843–4000
Fax: (650) 843–4001
Email: ashlee.cherry@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
Morgan, Lewis & Bockius LLP
One Market Spear Street Tower
San Francisco, CA 94105
(415) 442–1176
Fax: (415) 442–1001
Email: brian.berry@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Kassia Ann Stephenson**
Morgan, Lewis and Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442–1000
Fax: (415) 442–1001
Email: kassia.stephenson@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**X Holdings I, Inc.**                    represented by  **Eric Meckley**
(See above for address)
*LEAD ATTORNEY*

**ER-68**

*ATTORNEY TO BE NOTICED*

**Ashlee Nicole Cherry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kassia Ann Stephenson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Respondent</u>**

**X Holdings Corp.**                    represented by  **Eric Meckley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashlee Nicole Cherry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kassia Ann Stephenson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Respondent</u>**

**X Corp., Inc.**                    represented by  **Eric Meckley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashlee Nicole Cherry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kassia Ann Stephenson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Respondent</u>**

**Elon Musk**                    represented by  **Eric Meckley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashlee Nicole Cherry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian D, Berry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**ER-69**

**Kassia Ann Stephenson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lane Andrew Haygood**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Jacob Silverman**  represented by  **Katie Townsend**
Reporters Committee for Freedom of the
Press
1156 15th Street NW, Suite 1020
Washington, DC 20005
(202) 795–9300
Fax: (202) 795–9310
Email: ktownsend@rcfp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Grayson Clary**
Reporters Committee for Freedom of the
Press
1156 15th Street NW, Suite 1020
Washington, DC 20005
202–795–9300
Email: gclary@rcfp.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jean–Paul Jassy**
Jassy Vick Carolan LLP
355 S. Grand Ave.
Suite 2450
Los Angeles, CA 90071
310–870–7048
Fax: 310–870–7010
Email: jpjassy@jassyvick.com
*ATTORNEY TO BE NOTICED*

**Nicholas Ryan Hartmann**
Jassy Vick Carolan LLP
601 Montgomery Street
Suite 850
San Francisco, CA 94111
310–870–7048
Fax: 310–870–7010
Email: nhartmann@jassyvick.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/05/2023 | 1 | NOTICE OF REMOVAL of Action to the United States District Court from San Francisco County Superior Court. Their case number is CPF–23–518034. (Filing fee $402 receipt number ACANDC–18240049). Filed by X Holdings I, Inc., X Holdings Corp., Twitter, Inc., Elon Musk, X Corp.. (Attachments: # 1 Exhibit A – State Court Filings, # 2 Declaration of Eric Meckley in Support of Respondents' Notice of Removal of Action to the United States District Court for the Northern District of California, # 3 Civil Cover Sheet)(Meckley, Eric) (Filed on 5/5/2023) **Locked per filer's request.** Modified on 5/8/2023 (ddk, COURT STAFF). Modified on 5/10/2023 (gba, COURT STAFF). (Entered: 05/05/2023) |

| 05/05/2023 | 2 | CERTIFICATE OF SERVICE by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc. re 1 Notice of Removal,, *Declaration of Eric Meckley in Support of Removal, and Civil Cover Sheet* (Meckley, Eric) (Filed on 5/5/2023) (Entered: 05/05/2023) |
|---|---|---|
| 05/08/2023 | 3 | Declaration of Eric Meckley in Support of 1 Notice of Removal,, filed byElon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Related document(s) 1 ) (Meckley, Eric) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 4 | Corporate Disclosure Statement by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc. identifying Other Affiliate X Corp. for X Corp.; Other Affiliate X Holdings I, Inc. for X Holdings I, Inc.; Other Affiliate X Holdings Corp. for X Holdings Corp.. (Meckley, Eric) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 5 | Case assigned to Magistrate Judge Thomas S. Hixson. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E−Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 5/22/2023. (as, COURT STAFF) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 6 | CERTIFICATE OF SERVICE by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc. re 4 Certificate of Interested Entities, 3 Declaration in Support *of Removal* (Meckley, Eric) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 7 | MOTION to Remove Incorrectly Filed Document *; [Proposed] Order* filed by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Meckley, Eric) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 8 | CERTIFICATE OF SERVICE by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc. *of Magistrate Judge Thomas S. Hixon's Standing Orders* (Meckley, Eric) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/08/2023 | 9 | **ORDER OF RECUSAL. Signed by Judge Thomas S. Hixson on 5/8/2023. (tshlc1, COURT STAFF) (Filed on 5/8/2023)** **Any non−CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)** **(Entered: 05/08/2023)** |
| 05/08/2023 | 10 | CERTIFICATE OF SERVICE by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc. re 7 MOTION to Remove Incorrectly Filed Document *; [Proposed] Order* (Meckley, Eric) (Filed on 5/8/2023) (Entered: 05/08/2023) |
| 05/09/2023 | 11 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Magistrate Judge Laurel Beeler for all further proceedings. Magistrate Judge Thomas S. Hixson no longer assigned to case,. Signed by Clerk on 5/9/2023. (ark, COURT STAFF) (Filed on 5/9/2023)** **Any non−CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)** **(Entered: 05/09/2023)** |
| 05/09/2023 | 12 | NOTICE of Appearance by Ethan Isaac Jacobs (Jacobs, Ethan) (Filed on 5/9/2023) (Entered: 05/09/2023) |
| 05/09/2023 | 13 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata.. (Jacobs, |

| | | |
|---|---|---|
| | | Ethan) (Filed on 5/9/2023) (Entered: 05/09/2023) |
| 05/09/2023 | 14 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE–NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (ejk, COURT STAFF) (Filed on 5/9/2023) (Entered: 05/09/2023) |
| 05/09/2023 | 15 | **Initial Case Management Scheduling Order with ADR Deadlines: This case may fall within the Initial Discovery Protocols for Employment Cases Alleging Adverse Action. See General Order 71. Parties and Counsel are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable.**<br><br>Case Management Statement due by 7/27/2023. Initial Case Management Conference set for 8/3/2023 10:00 AM in San Francisco, Courtroom E, 15th Floor. (gba, COURT STAFF) (Filed on 5/9/2023) (Entered: 05/09/2023) |
| 05/10/2023 | 16 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Susan Illston for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by Clerk on 05/10/2023. (Attachments: # 1 Notice of Eligibility for Video Recording)(mbc, COURT STAFF) (Filed on 5/10/2023) (Entered: 05/10/2023)** |
| 05/10/2023 | 17 | INITIAL CASE MANAGEMENT GUIDELINE AND CLERK'S NOTICE ON REASSIGNMENT. (ec, COURT STAFF) (Filed on 5/10/2023) (Entered: 05/10/2023) |
| 05/11/2023 | 18 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18254122.) filed by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. (Cohen, Akiva) (Filed on 5/11/2023) (Entered: 05/11/2023) |
| 05/11/2023 | 19 | ADMINISTRATIVE MOTION FOR AN ORDER REQUIRING RESPONDENTS TO COMPLY WITH CIVIL LOCAL RULE 3–15 filed by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. Responses due by 5/15/2023. (Attachments: # 1 Declaration of Ethan Jacobs, # 2 Proposed Order)(Jacobs, Ethan) (Filed on 5/11/2023) (Entered: 05/11/2023) |
| 05/11/2023 | | Electronic filing error. Incorrect PDF attached. [err201] No Certificate of Standing was attached, the phone number on the application is different from the ECF phone number. This filing will not be processed by the clerks office.Please re–file in its entirety (no additional fee needs to be paid reference your receipt number when filing) Re: 18 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18254122.) filed by Jaime Sena, Melanie Eusebio, Jennifer Ryan, Isabelle Cannell, Sarah Anoke, Samantha Festejo, James Shobe, Wayne Krug, Karyn Thompson, Patrick O'Connell, Catherine Bonn, Dawn Hoise, Cristian Zapata, Carlos Moises Ortiz Gomez, Laurent Luce (ec, COURT STAFF) (Filed on 5/11/2023) (Entered: 05/11/2023) |
| 05/11/2023 | 20 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18257927.) filed by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Elon |

| | | |
|---|---|---|
| | | Musk, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. (Haygood, Lane) (Filed on 5/11/2023) (Entered: 05/11/2023) |
| 05/11/2023 | 21 | OPPOSITION to Petition to Compel Arbitration Pursuant to California Code of Civil Procedure Section 1281.97 re 1 Notice of Removal, by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Attachments: # 1 Declaration of Kassia Stephenson in Support of Respondents' Opposition to Petitioners' Petition to Compel Arbitration Pursuant to California Code of Civil Procedure Section 1281.97)(Meckley, Eric) (Filed on 5/11/2023) (Entered: 05/11/2023) |
| 05/11/2023 | 22 | Request for Judicial Notice re 21 Response, filed byElon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Related document(s) 21 ) (Meckley, Eric) (Filed on 5/11/2023) (Entered: 05/11/2023) |
| 05/12/2023 | 23 | **Order by Judge Susan Illston granting 20 Motion for Pro Hac Vice of Lane Andrew Haygood.(ec, COURT STAFF) (Filed on 5/12/2023) (Entered: 05/12/2023)** |
| 05/12/2023 | 24 | MOTION to Remand filed by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. Motion Hearing set for 6/16/2023 10:00 AM in San Francisco, Courtroom 01, 17th Floor before Judge Susan Illston. Responses due by 5/26/2023. Replies due by 6/2/2023. (Attachments: # 1 Declaration of Akiva M. Cohen, # 2 Proposed Order)(Jacobs, Ethan) (Filed on 5/12/2023) (Entered: 05/12/2023) |
| 05/15/2023 | 25 | OPPOSITION (re 19 ADMINISTRATIVE Motion for an Order Requiring Respondents to Comply with Civil Local Rule 3–15) filed by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc. (Attachments: # 1 Proposed Order Denying Petitioners' Administrative Relief Motion) (Meckley, Eric) (Filed on 5/15/2023) Modified on 5/17/2023 (gba, COURT STAFF). (Entered: 05/15/2023) |
| 05/17/2023 | 26 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18254122.) Filing fee previously paid on 5/11/2023 filed by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. (Attachments: # 1 Certificate/Proof of Service Certificate of Good Standing for Akiva M. Cohen)(Cohen, Akiva) (Filed on 5/17/2023) (Entered: 05/17/2023) |
| 05/17/2023 | | Electronic filing error. Incorrect PDF attached. [err201] This filing will not be processed by the clerks office.Please re–file in its entirety using the new form which was updated on 11/2021 Re: 26 MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18254122.) Filing fee previously paid on 5/11/2023 filed by Jaime Sena, Melanie Eusebio, Jennifer Ryan, Isabelle Cannell, Sarah Anoke, Samantha Festejo, James Shobe, Wayne Krug, Karyn Thompson, Patrick O'Connell, Catherine Bonn, Dawn Hoise, Cristian Zapata, Carlos Moises Ortiz Gomez, Laurent Luce (ec, COURT STAFF) (Filed on 5/17/2023) (Entered: 05/17/2023) |
| 05/17/2023 | 27 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18254122.) Filing fee previously paid on 5/11/2023 filed by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. (Attachments: # 1 Certificate/Proof of Service Certificate of Good Standing for Akiva M. Cohen)(Cohen, Akiva) (Filed on 5/17/2023) (Entered: 05/17/2023) |
| 05/18/2023 | 28 | **Order by Judge Susan Illston granting 27 Motion for Pro Hac Vice of Akiva Cohen.(ec, COURT STAFF) (Filed on 5/18/2023) (Entered: 05/18/2023)** |
| 05/19/2023 | 29 | REPLY in Further Support of to Petition to Compel Arbitration Pursuant to California Code of Civil Procedure Section 1281.97 by Sarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, |

| | | |
|---|---|---|
| | | James Shobe, Karyn Thompson, Cristian Zapata. (Attachments: # 1 Declaration of Akiva M. Cohen)(Jacobs, Ethan) (Filed on 5/19/2023) Modified on 5/23/2023 (gba, COURT STAFF). (Entered: 05/19/2023) |
| 05/25/2023 | 30 | OBJECTIONS to Petitioners' Late–Filed Reply and Request to Strike Reply Evidence re 29 Response (Non Motion), by Elon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Meckley, Eric) (Filed on 5/25/2023) (Entered: 05/25/2023) |
| 05/26/2023 | 31 | OPPOSITION/RESPONSE (re 24 MOTION to Remand ) filed byElon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Berry, Brian) (Filed on 5/26/2023) (Entered: 05/26/2023) |
| 05/31/2023 | 32 | **Order by Judge Susan Illston granting 7 Motion to Remove Incorrectly Filed Document.(ec, COURT STAFF) (Filed on 5/31/2023) (Entered: 05/31/2023)** |
| 05/31/2023 | 33 | CLERK'S NOTICE CONTINUING HEARING: The Motion to Remand 24 Hearing is CONTINUED TO 6/30/2023 at 10:00 AM – Videoconference Only before Judge Susan Illston. This proceeding will be held via a Zoom webinar.<br><br>**MANDATORY ZOOM REGISTRATION:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at sicrd@cand.uscourts.gov no later than 6/21/2023 at 2 pm.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/si<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Motion Hearing set for 6/30/2023 10:00 AM in San Francisco, – Videoconference Only before Judge Susan Illston. (ec, COURT STAFF) (Filed on 5/31/2023). *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (Entered: 05/31/2023) |
| 06/02/2023 | 34 | REPLY (re 24 MOTION to Remand ) filed bySarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. (Attachments: # 1 Declaration of Akiva M. Cohen)(Jacobs, Ethan) (Filed on 6/2/2023) (Entered: 06/02/2023) |
| 06/06/2023 | 35 | **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTION DIRECTING DEFENDANTS TO SUPPLEMENT CORPORATE DISCLOSURE STATEMENT granting 19 Administrative Motion. (Illston, Susan) (Filed on 6/6/2023) (Entered: 06/06/2023)** |
| 06/12/2023 | 37 | OPPOSITION/RESPONSE (re 36 Administrative Motion to File Under Seal ) filed bySarah Anoke, Catherine Bonn, Isabelle Cannell, Melanie Eusebio, Samantha Festejo, Dawn Hoise, Wayne Krug, Laurent Luce, Patrick O'Connell, Carlos Moises Ortiz Gomez, Jennifer Ryan, Jaime Sena, James Shobe, Karyn Thompson, Cristian Zapata. (Attachments: # 1 Declaration Cohen Declaration with Exhibits)(Cohen, Akiva) (Filed on 6/12/2023) (Entered: 06/12/2023) |
| 06/12/2023 | 38 | REPLY (re 36 Administrative Motion to File Under Seal ) filed byElon Musk, Twitter, Inc., X Corp., X Holdings Corp., X Holdings I, Inc.. (Meckley, Eric) (Filed on 6/12/2023) (Entered: 06/12/2023) |
| 06/13/2023 | 39 | **ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL granting 36 Administrative Motion to File Under Seal. (Illston, Susan) (Filed on 6/13/2023) (Entered: 06/13/2023)** |
| 06/14/2023 | 40 | CLERK'S NOTICE CONTINUING INITIAL CASE MANAGEMENT CONFERENCE: Joint Case Management Statement due by 8/4/2023. Initial Case |

| | | |
|---|---|---|
| | | Management Conference CONTINUED TO 8/11/2023 at 02:30 PM – Videoconference Only. This proceeding will be held via a Zoom webinar.<br><br>**MANDATORY ZOOM REGISTRATION:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. A list of names and emails must be sent to the CRD at sicrd@cand.uscourts.gov no later than 8/2/23 at 2pm.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/si<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>Case Management Statement due by 8/4/2023. Initial Case Management Conference set for 8/11/2023 02:30 PM in San Francisco, – Videoconference Only. (ec, COURT STAFF) (Filed on 6/14/2023). *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (Entered: 06/14/2023) |
| 06/27/2023 | 41 | **ORDER REMANDING ACTION TO STATE COURT granting 24 Motion to Remand. (Illston, Susan) (Filed on 6/27/2023) (Entered: 06/27/2023)** |
| 07/06/2023 | 42 | Certified copy of 41 Order of Remand and Docket Sheet sent to San Francisco County Superior Court. (gba, COURT STAFF) (Filed on 7/6/2023) (Entered: 07/06/2023) |
| 07/13/2023 | 43 | Acknowledgement of Receipt from San Francisco County Superior Court. (gba, COURT STAFF) (Filed on 7/13/2023) (Entered: 07/13/2023) |
| 07/03/2024 | 44 | MOTION to Intervene *and Unseal Judicial Records* filed by Jacob Silverman. Motion Hearing set for 8/16/2024 10:00 AM in San Francisco, Courtroom 01, 17th Floor before Judge Susan Illston. Responses due by 7/17/2024. Replies due by 7/24/2024. (Attachments: # 1 Proposed Order)(Townsend, Katie) (Filed on 7/3/2024) (Entered: 07/03/2024) |
| 07/03/2024 | 45 | STIPULATION WITH PROPOSED ORDER *Regarding Briefing Schedule for Non–Party Intervener Jacob Silverman's Motion to Intervene and Unseal Judicial Records* filed by Elon Musk, Twitter, Inc., X Corp., Inc., X Holdings Corp., X Holdings I, Inc.. (Meckley, Eric) (Filed on 7/3/2024) (Entered: 07/03/2024) |
| 07/08/2024 | 46 | **STIPULATION AND ORDER REGARDING BRIEFING SCHEDULE FOR NON–PARTY INTERVENER JACOB SILVERMANS MOTION TO INTERVENE AND UNSEAL JUDICIAL RECORDS: Granting 45 Stipulation. Signed by Judge Susan Illston on 7/8/2024.**<br><br>Responses due by 7/26/2024.<br>Replies due by 8/7/2024.<br>Motion Hearing set for 8/23/2024 at 10:00 AM in San Francisco, Courtroom 01, 17th Floor before Judge Susan Illston.<br><br>(jlg, COURT STAFF) (Filed on 7/8/2024) Modified on 7/8/2024 (jlg, COURT STAFF). (Entered: 07/08/2024) |
| 07/24/2024 | | Set/Reset Hearing re 46 Order on Stipulation: Vacating 8/16/2024 hearing pursuant to Order. (ec, COURT STAFF) (Filed on 7/24/2024) (Entered: 07/24/2024) |
| 07/26/2024 | 47 | OPPOSITION/RESPONSE (re 44 MOTION to Intervene *and Unseal Judicial Records* ) filed by Elon Musk, Twitter, Inc., X Corp., Inc., X Holdings Corp., X Holdings I, Inc.. (Meckley, Eric) (Filed on 7/26/2024) Modified on 7/29/2024 (kmg, COURT STAFF). (Entered: 07/26/2024) |
| 07/30/2024 | 48 | NOTICE of Appearance by Jean–Paul Jassy (Jassy, Jean–Paul) (Filed on 7/30/2024) (Entered: 07/30/2024) |

| 07/30/2024 | 49 | NOTICE of Appearance by Nicholas Ryan Hartmann *for Non-Party Intervenor Jacob Silverman* (Hartmann, Nicholas) (Filed on 7/30/2024) (Entered: 07/30/2024) |
|---|---|---|
| 07/30/2024 | 50 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-19672713.) filed by Jacob Silverman. (Attachments: # 1 Certificate of Good Standing)(Clary, Grayson) (Filed on 7/30/2024) (Entered: 07/30/2024) |
| 07/30/2024 | **51** | **Order by Judge Susan Illston granting 50 Motion for Pro Hac Vice of Grayson Clary.(ec, COURT STAFF) (Filed on 7/30/2024) (Entered: 07/30/2024)** |
| 08/02/2024 | 52 | REPLY (re 44 MOTION to Intervene *and Unseal Judicial Records* ) filed byJacob Silverman. (Townsend, Katie) (Filed on 8/2/2024) (Entered: 08/02/2024) |
| 08/20/2024 | **53** | **ORDER GRANTING MOTION TO INTERVENE AND UNSEAL CORPORATE DISCLOSURE STATEMENT granting 44 Motion to Intervene. (Illston, Susan) (Filed on 8/20/2024) (Entered: 08/20/2024)** |
| 08/21/2024 |  | Set/Reset VACATING Hearing re 53 Order on Motion to Intervene (ec, COURT STAFF) (Filed on 8/21/2024) (Entered: 08/21/2024) |
| 09/04/2024 | 54 | Respondent's NOTICE of Submission of Unredacted Supplemental Corporate Disclosure Statement re 53 Order on Motion to Intervene by Elon Musk, Twitter, Inc., X Corp., Inc., X Holdings Corp., X Holdings I, Inc. (Meckley, Eric) (Filed on 9/4/2024) Modified on 9/5/2024 (jlg, COURT STAFF). (Entered: 09/04/2024) |
| 09/19/2024 | 55 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by Elon Musk, Twitter, Inc., X Corp., Inc., X Holdings Corp., X Holdings I, Inc.. Appeal of Order on Motion to Intervene 53 (Appeal fee of $605 receipt number ACANDC-19866147 paid.) (Berry, Brian) (Filed on 9/19/2024) (Entered: 09/19/2024) |
| 09/30/2024 | 56 | USCA Case Number 24-5936 for 55 Notice of Appeal to the Ninth Circuit, filed by Elon Musk, X Holdings I, Inc., Twitter, Inc., X Holdings Corp., X Corp., Inc. (gba, COURT STAFF) (Filed on 9/30/2024) (Entered: 10/07/2024) |

**ER-76**